ISHWARLAL M. PATEL *et al.*, Plaintiffs-Appellees, *v.* RICHARD BURKE *et al.*, Defendants-Appellants.

First District (5th Division)    No. 80-3145

Opinion filed December 11, 1981.

Thomas M. Hogan and Shelmerdeane A. Miller, both of Chicago, for appellants.

Ronald A. Nyberg, of Querrey, Harrow, Gulanick & Kennedy, Ltd., of Chicago, for appellees.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Defendants appeal the entry of summary judgment for plaintiffs in an action seeking the refund of the earnest money deposited by plaintiffs pursuant to a real estate sales contract. The sole question presented is the propriety of the summary judgment.

It appears that on October 1, 1977, plaintiffs entered into a real estate contract to purchase defendants' home and, as provided in the contract, plaintiffs deposited $5,500 earnest money in escrow. The contract gave plaintiffs 30 days to obtain "a commitment for a mortgage loan" according to specified terms. It was also provided that all monies paid by plaintiffs were to be refunded if, after every reasonable effort was made to procure such commitment, they were unable to do so and served notice thereof on defendants within the 30-day period.

Plaintiffs' complaint, in pertinent part, alleged that they were unable to obtain a loan in the amount and upon the terms provided and that on or about October 22, 1977, within the 30-day period, they served notice on defendants demanding return of the earnest money. In their answer, defendants denied those allegations.

Thereafter, plaintiffs moved for summary judgment, stating in relevant part that they made an application on October 8, 1977, for a mortgage loan to Northwest Federal Savings & Loan Association (Northwest) in which it was stated that Mr. Patel was employed by Zenith Corporation; that the application was approved on October 20, 1977, and, on or about that same date, Northwest was notified by Mr. Patel that his employment was terminated on October 14, 1977, because of a permanent reduction in the work force at Zenith; that by letter dated October

31, 1977, Northwest informed defendants' attorney that if Patel's loss of employment was verified the mortgage commitment would be cancelled; that prior thereto, on October 21, 1977, plaintiffs' attorney had mailed two letters—one to defendant's attorney informing him that Patel had been laid off and the mortgage application was blocked by Northwest, and the other to defendants notifying them that the mortgage commitment could not be obtained because Patel's employment had been terminated.

Included with the motion for summary judgment was the affidavit of Mark Petricig, the Northwest loan officer, stating in substance that plaintiffs' application for a mortgage loan was approved on October 20, 1977, based upon information in their application; that on or about October 20, 1977, Northwest was informed by Mr. Patel that his employment had been terminated; that on October 31, 1977, he (Petricig) mailed a letter to defendants' attorney informing him that Patel's application had been approved but that if his loss of employment was verified Northwest "would undoubtedly cancel the loan commitment to the Patels"; and that, because Northwest subsequently verified that loss of employment, the application for a mortgage loan commitment was in fact rejected. A copy of Petricig's letter was attached to the motion for summary judgment.

Although defendants were given leave to do so, they filed no response to plaintiffs' motion and, in granting summary judgment, the court stated, "The only issue is whether an application for a loan once approved and thereafter rejected by the lender as a result of facts beyond the control of the applicant, constitutes a commitment" as that term was used in the mortgage contingency clause. The court held that it was not such a commitment and granted summary judgment for plaintiffs.

OPINION

Summary judgment is appropriate where pleadings, depositions, and admissions on file, together with affidavits, construed most strictly against the movant and most liberally in favor of the other party, show that there is no genuine issue as to any material fact, and that judgment should be granted as a matter of law. (Ill. Rev. Stat. 1979, ch. 110, par. 57(3); *Baier v. State Farm Insurance Co.* (1975), 28 Ill. App. 3d 917, 329 N.E.2d 543.) The right of a party to summary judgment must be clear and free from doubt. *Armagast v. Medici Gallery & Coffee House, Inc.* (1977), 47 Ill. App. 3d 892, 365 N.E.2d 446.

In the instant case, the contract provided that plaintiffs' earnest money would be refunded if they made every reasonable effort to obtain within 30 days "a commitment for a mortgage loan" according to specified terms and notice was given defendants within that 30-day period of their inability to obtain such commitment. In its order entering summary

judgment for plaintiffs, the trial court found on the only issue in dispute[1] that the application for a loan once approved and then rejected by Northwest because of facts beyond plaintiffs' control (Mr. Patel's loss of employment) was not a commitment.

We initially note that the parties make no attempt to define the term "commitment" as used in the mortgage contingency clause, and they do not contend that it has an accepted meaning in the real estate field. Nonetheless, it is the position of defendants that the trial court erred in its finding that the loan approval was conditioned upon Mr. Patel's continued employment and thus was a commitment. They suggest that Northwest considered it to be a commitment, as indicated by the comment of its loan officer (Petricig) in both his affidavit and October 31, 1977, letter that if Mr. Patel's loss of employment was verified "our commitment" would undoubtedly be canceled. To the contrary, plaintiffs urge that the trial court properly found that its loan approval was conditioned upon Mr. Patel's continued employment. This is evident, they argue, because Northwest eventually rejected the application when it verified his loss of employment, and because Northwest was never obligated to commit a loan since Mr. Patel's employment had been terminated six days prior to its approval of the application.

Thus, the crucial question presented in the positions of the parties is whether the record establishes, as a matter of law, that Northwest's loan approval was conditioned upon Mr. Patel's continued employment, and each of the parties refers only to the affidavit and letter of Northwest's loan officer which, in substance, stated that the application was approved but that "our commitment" would be canceled if Mr. Patel's loss of employment was verified and that eventually Northwest rejected the application for that reason.

■■ Where different inferences may be fairly drawn from facts not in dispute, a triable issue exists and summary judgment should not be entered. (*Dakovitz v. Arrow Road Construction Co.* (1975), 26 Ill. App. 3d 56, 324 N.E.2d 444.) We think it clear that contrary inferences may be drawn here from the content of the loan officer's affidavit and letter; namely, that the approval of the application could have been conditioned upon Mr. Patel's continued employment as indicated by the fact that it was eventually rejected for that reason, in which event the approval would have been at most a conditional commitment as found by the trial court, or that the approval could be inferred to be an unconditional commitment in the light of the loan officer's references to the loan approval as being "our commitment" in his affidavit and letter.

■■ In the light thereof, we conclude that a question of fact exists as to

---

[1] Defendants do not contend that there was a dispute as to any other issues.

whether the loan approval, when given, was conditioned upon Mr. Patel's continued employment and that summary judgment was improperly entered on the basis that as a matter of law the approval was conditional. Accordingly, we reverse and remand this cause for further proceedings.

Reversed and remanded.

LORENZ and WILSON, JJ., concur.