(No. 58581.—
(No. 59169.—

SHIRLEY SCHLESSINGER *et al.*, Appellees, v. SID-NEY R. OLSEN, Recorder of Deeds, *et al.*, Appellants.—ROBERT HOFFMAN *et al.*, Appellees, v. FRANK J. NUSTRA, Recorder of Deeds, *et al.*, Appellants.

*Opinion filed May 25, 1984.—Modified on denial of rehearing September 28, 1984.*

498

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey, Deputy State's Attorney, and Christopher Kerns, Assistant State's Attorney, of counsel), for appellants.

Arthur T. Susman, of Prins, Flamm & Susman, Ltd., of Chicago, for appellant Portia Kern.

Neil F. Hartigan, Attorney General, of Springfield

(Michael T. Mullen, Assistant Attorney General, of Chicago, of counsel), for intervenors-appellants State of Illinois and Department of Revenue.

Bilandic, Neistein, Richman, Hauslinger & Young, Ltd., of Chicago (Harry A. Young, Jr., and Norman T. Finkel, of counsel), for appellee Shirley Schlessinger.

Fred L. Foreman, State's Attorney, of Waukegan (Gary Neddenriep, Deputy State's Attorney, and Margaret J. Mullen, Assistant State's Attorney, of counsel), for appellants.

Richard J. Biondi, of Waukegan, and Robert D. Allison, of Chicago, for appellees.

JUSTICE UNDERWOOD delivered the opinion of the court:

We have reconsidered our earlier denial of a motion to consolidate these appeals and now dispose of both in this opinion. While cause No. 59169 also involves a jurisdictional question, which we find dispositive, each case involves the disposition of tax monies collected under the following State statute which was in effect from August 7, 1978, to May 17, 1979, and provided in pertinent part:

> "A tax is imposed on the privilege of transferring title to real estate, as represented by the deed that is filed for recordation, at the rate of 50 cents for each $500 of value or fraction thereof stated in the declaration provided for in this Section. ***
>
> Such tax shall be collected by the recorder of deeds or registrar of titles of the several counties through the sale of revenue stamps whose design, denominations and form shall be prescribed by the Department. The revenue stamps shall be sold by the Department to such recorder of deeds or registrar of titles who shall cause them to be

sold for the purposes prescribed. The Department shall charge at a rate of 25 cents per $500 of value in units of not less than $500. The proceeds from such sale by the Department shall be deposited in the General Revenue Fund of the State Treasury. The recorder of deeds or registrar of titles of the several counties shall sell the revenue stamps at a rate of 50 cents per $500 of value or fraction thereof. The net proceeds from such sale by the recorder of deeds or registrar of titles shall be treated as the distribution of the tax which is herein authorized to be charged and collected." (Ill. Rev. Stat., 1978 Supp., ch. 120, par. 1003.)

The retention by the counties, as a "distribution of the tax," of 50% of the real estate transfer taxes imposed by this statute was declared unconstitutional in *Schlessinger v. Olsen* (1982), 107 Ill. App. 3d 302 (hereinafter *Schlessinger* III), and no appeal was sought. The section has since been amended, and the basic issue now before us is whether the unlawfully retained monies collected during the August '78-May '79 period prior to amendment should be transferred to the General Revenue Fund of the State treasury or refunded to those individuals who actually paid the tax.

Cause No. 58581 involves a six-count complaint filed in the circuit court of Cook County, naming as defendants the county and its recorder of deeds and treasurer, and challenging the constitutionality of that portion of the real estate transfer tax retained by the recorder. Three counts of the complaint were brought by Shirley Schlessinger on behalf of all persons who had paid the transfer tax in Cook County, and sought a return of some $2,407,582 to the class members. The remaining three counts were brought by Schlessinger and Portia Kern on behalf of all Illinois taxpayers and sought transfer of the funds to the State treasury. Plaintiffs, who were jointly represented originally, are now represented by separate counsel. The circuit court found the statute

valid and dismissed the complaint on the motion of defendants. The appellate court reversed that dismissal because it believed that the issue of class certification had to be resolved before a ruling on the merits (*Schlessinger v. Olsen* (1980), 89 Ill. App. 3d 583 (*Schlessinger* I)). This court allowed a petition for leave to appeal and reversed, holding that a motion to dismiss on the merits could be granted by the trial court before deciding the question of class certification. The cause was remanded to the appellate court for further proceedings. *Schlessinger v. Olsen* (1981), 86 Ill. 2d 314 (*Schlessinger* II).

That court thereafter reversed the dismissal of plaintiffs' complaint, this time on the ground that "the retention of the funds by the county officer for his role in the collection of State monies [was] a violation of the constitutional prohibition against fee offices." (107 Ill. App. 3d 302, 309.) The cause was remanded to the circuit court to decide the question of class certification and to grant appropriate relief. Upon remand the circuit court allowed the State of Illinois and the Department of Revenue leave to intervene and granted Schlessinger's motion for class certification. That court declared the statute unconstitutional in its entirety and concluded in its memorandum opinion that the individuals who paid the transfer tax were entitled to the monies unlawfully retained. We allowed direct appeal to this court pursuant to our Rule 302(a). 87 Ill. 2d R. 302(a).

Counsel for plaintiff Kern vigorously disputes the timeliness of the State's intervention since it did not join these proceedings until four years after the suit was initiated. However, since the case had been dismissed for over three of those years and the petition to intervene was filed before the circuit court made any substantive rulings on the issue now before us, we cannot say that the granting of the petition was an abuse of discretion. (*Continental Illinois National Bank & Trust Co. v.*

*Sever* (1946), 393 Ill. 81, 92.) Nor can it be argued that the State and its taxpayers lack standing to pursue their claim that the misapplied tax revenues belong to the State treasury. *Saltiel v. Olsen* (1979), 77 Ill. 2d 23; *Snow v. Dixon* (1977), 66 Ill. 2d 443; *City of Joliet v. Bosworth* (1976), 64 Ill. 2d 516; 74 Am. Jur. 2d *Taxpayers' Actions* secs. 2, 16 (1974).

In determining the disposition of the funds in question, we have considered the two differing lines of authority relied on by the parties. Plaintiff Schlessinger emphasizes the general proposition that only those who have borne the burden of an unconstitutional tax may seek a refund (*Estate of Carey v. Village of Stickney* (1980), 81 Ill. 2d 406, 413; *Consolidated Distilled Products, Inc. v. Mahin* (1973), 56 Ill. 2d 110, 116; *Fiorito v. Jones* (1970), 45 Ill. 2d 15, 17.) The State stresses the opinions in what are sometimes referred to as the "skimming" or "diversion" cases, in which this court has held that unlawfully diverted tax revenues must be returned to the governmental entity which imposed the tax (*Saltiel v. Olsen* (1979), 77 Ill. 2d 23; *Goldstein v. Rosewell* (1976), 65 Ill. 2d 325; *City of Joliet v. Bosworth* (1976), 64 Ill. 2d 516; *Flynn v. Kucharski* (1970), 45 Ill. 2d 211.) The difference between the two lines of cases is readily apparent. In *Carey* and *Fiorito* the imposition of the tax itself was invalidated, and in *Mahin* the court stated that, even assuming the invalidity of the statute, the plaintiffs had no standing to sue. When the very imposition of the tax is declared unconstitutional, the situation obviously differs significantly from that in which the tax is lawful, but the provisions for diverting or skimming portions thereof are void. In the diversion cases the taxes were properly imposed but a government entity other than the taxing body collected the tax and retained a percentage for itself which was considered to be a constitutionally prohibited fee "based upon *** the

levy or extension of taxes." (Ill. Const. 1970, art. VII, sec. 9.) Since the constitutional infirmity was found not in the imposition of the tax but in the diversion to the collecting entity of a percentage of that tax, the diverted funds were returned to the taxing body.

We think it clear that the diversion cases are dispositive of this appeal. The statute here was invalidated only because the county was allowed to retain a percentage of the taxes it collected, and not because the imposition of the tax was considered unconstitutional (*Schlessinger* III). While plaintiff Schlessinger argues that the State never intended to levy a 50 cent per $500 tax, the opening sentence of the section: "A tax is imposed *** at the rate of 50 cents for each $500 of value ***," indicates otherwise. It is apparent, of course, that the State did not expect to receive the entire amount of the tax imposed, but that was also true of the taxes imposed in *Saltiel, Goldstein, Bosworth,* and *Flynn.* The fact that the percentage of tax diverted here is substantially larger than in the cited cases does not alter the result, for the basis of the appellate court's decision invalidating the statute was that the amended act, despite the language change, still imposed an impermissible fee. (107 Ill. App. 3d 302, 308-09.) The validity of the tax imposed does not depend on the amount of revenue the State ultimately intended to retain for itself. We accordingly hold that the State is entitled to the tax revenues which the appellate court held were unlawfully retained by Cook County. We note, however, that Public Act 83—57, approved August 15, 1983, cancelled any indebtedness of the several counties resulting from the retention of State monies collected prior to July 15, 1979, under the invalid provisions of the Real Estate Transfer Tax Act. Consequently, the funds in controversy here should be delivered to the appropriate Cook County officers.

In cause No. 59169 the constitutionality of the trans-

fer tax was challenged in the circuit court of Lake County in an action against the county and its recorder and treasurer brought by Robert Hoffman, Barbara Hoffman, and Michael Gantar on behalf of all persons who had paid the tax in Lake County. Plaintiffs were granted summary judgment as to the liability of defendants, but before the circuit court entered any orders regarding plaintiffs' additional requests for an accounting and the appointment of a trustee, and before the court properly certified plaintiffs' class, defendants filed their notice of appeal to this court. Plaintiffs contend that the appeal is premature and must be dismissed since the circuit court failed to make an express written finding that there was no just reason for delaying appeal as required by our rule. We agree. Absent the requisite finding, a judgment that disposes of fewer than all of the claims presented is not appealable (87 Ill. 2d R. 304(a); *Hanley v. Hanley* (1958), 13 Ill. 2d 209, 210 (despite resolving with finality the title to certain real property the trial court's failure to adjudicate an additional claim for an accounting precluded review since the court did not make an express finding that there was "no just reason for delaying appeal"); see also *Atkinson v. Atkinson* (1981), 87 Ill. 2d 174, 177). The appeal in cause No. 59169 is accordingly dismissed.

In cause No. 58581 the judgment of the circuit court of Cook County is reversed and the cause is remanded to that court for further proceedings in accordance with this opinion.

*58581 — Reversed and remanded.*
*59169 — Appeal dismissed.*