RUTH ASPEGREN, Plaintiff-Appellant, v. HOWMEDICA, INC., Defendant-Appellee (Evanston Hospital *et al.*, Defendants).

First District (2nd Division)   No. 83—2882

Opinion filed November 27, 1984.—Rehearing denied January 8, 1984.

Dominic R. Fichera, of Park Ridge (Carl P. Clavelli, of counsel), for appellant.

Peterson, Ross, Schloerb & Seidel, of Chicago (Richard Lee Blatt, Thomas A. Reed, and M.C. Meinert, of counsel), for appellee.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff appeals from an order of the circuit court of Cook County granting summary judgment against her and in favor of defendant, Howmedica, Inc. The issue on appeal is whether the circuit court properly found that plaintiff's product liability action against defendant was barred by the applicable statute of limitations.

On September 4, 1979, plaintiff filed a complaint alleging that a vitallium prosthesis which had been surgically implanted in her hip in 1972 was designed and manufactured by defendant in an unrea-

sonably dangerous manner. As a result, the prosthesis became fractured, requiring plaintiff to undergo replacement surgery on September 13, 1977. Defendant filed a motion for summary judgment asserting that plaintiff's action was barred by the applicable two-year limitations period. (Ill. Rev. Stat. 1979, ch. 83, par. 15, now Ill. Rev. Stat. 1983, ch. 110, par. 13—202.) In support of its motion, defendant attached the affidavit of plaintiff's physician, Dr. Harley Sigmond, stating that he showed the plaintiff X rays of the fractured prosthesis on July 12, 1977, and explained that it would have to be replaced. In a hearing on the motion defendant argued that the statute of limitations began to run on July 12, 1977, when plaintiff became aware of her injury. Plaintiff, however, argued that the statutory period did not begin to run until September 13, 1977, when the fractured prosthesis was removed and she was able to begin an investigation into whether the fracture was wrongfully caused. Although defendant's motion for summary judgment was initially denied, the circuit court subsequently granted it pursuant to defendant's request for reconsideration.

Plaintiff contends that the circuit court improperly held, as a matter of law, that her cause of action against defendant accrued on the date she first became aware that the prosthesis was fractured, rather than on the date the prosthesis was removed.

■ A cause of action accrues when a party knows or reasonably should know both that an injury has occurred and that it was wrongfully caused; at that time, the statute of limitations begins to run and the party is obligated to inquire further to determine whether an actionable wrong was committed. (*Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 169-71, 421 N.E.2d 864.) Although an injured person is not held to a standard of knowing the inherently unknowable, he may not slumber on his rights once it appears that the injury was wrongfully caused. (*Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 171, 421 N.E.2d 864.) If the time at which an injured party knows or reasonably should have known both of the injury and that it was wrongfully caused is a disputed question, it is to be resolved by the trier of fact. (*Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 262 N.E.2d 450.) If only one conclusion can be drawn from the undisputed facts, however, the question of the timeliness of plaintiff's complaint becomes one for the court. (*Berry v. G.D. Searle & Co.* (1974), 56 Ill. 2d 548, 309 N.E.2d 550.) Summary judgment is appropriate only where the pleadings, depositions and affidavits, when construed most strongly against the movant and most liberally in favor of the opponent,

show that judgment should be granted as a matter of law. *Patel v. Burke* (1981), 102 Ill. App. 3d 554, 556, 430 N.E.2d 162.

In the case at bar, although plaintiff first learned of her injury on July 12, 1977, when her doctor showed her X rays of the fractured hip implant and informed her that it had to be replaced, a factfinder may determine that it was not possible for her to know at that time whether the injury had been wrongfully caused. Should it be found that plaintiff was aware of the injury but ought not to be held to have known of its cause, the statute of limitations would not have begun to run at that time. (*Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 421 N.E.2d 864; *Ikenn v. Northwestern Memorial Hospital* (1979), 73 Ill. App. 3d 694, 697-98, 392 N.E.2d 440.) Thus, the cause of action would not have accrued until the implant was surgically removed on September 13, 1977, the date of plaintiff's first opportunity to examine the fractured implant and determine the cause of its failure. Accordingly, we hold that whether the two-year limitations period began to run on July 12, 1977, or on September 13, 1977, is a genuine, material and triable issue of fact which should not have been decided by summary judgment. Summary judgment is a salutary procedure in the administration of justice but must be cautiously granted so that a respondent's right to trial is not usurped in the presence of material fact questions, and where reasonable persons may fairly draw differing inferences from those facts which are not in dispute, the circuit court must deny the motion and direct that the resolution of those questions be made at trial. *Diomar v. Landmark Associates* (1980), 81 Ill. App. 3d 1135, 1138-39, 401 N.E.2d 1287.

For the foregoing reasons, the judgment of the circuit court is reversed and the cause remanded for trial.

Reversed and remanded.

STAMOS and PERLIN, JJ., concur.