WALTER SKOGLUND, Plaintiff-Appellee, v. MARSHALL BLANKENSHIP, Defendant-Appellant.

First District (3d Division) No. 84—1298

Opinion filed June 28, 1985.

Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers, of counsel), for appellant.

Goldberg & Goldberg, of Chicago (John B. Schwartz and Stephen J. Caron, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Walter Skoglund, brought this action against defendant, Dr. Marshall Blankenship, seeking to recover for injuries he sustained following defendant's alleged malpractice. Defendant filed a motion for summary judgment maintaining that plaintiff's cause of action was barred by the statute of limitations. The trial court denied defendant's motion but certified the following question for appeal pursuant to Supreme Court Rule 308:

"Whether plaintiff's action against MARSHALL BLANKEN-SHIP, M.D., for alleged medical malpractice, filed 4/18/80, is barred by Ill. Rev. Stat. Ch. 110, par. 22.1 [*sic.* par. 13—212], because (a) plaintiff was last treated by this defendant in December, 1975, more than 4 years prior to filing suit, when a nonrefillable prescription for a 25 day supply of Prednisone was given and (b) plaintiff was informed by a subsequent treating physician in February 1977, more than 3 years prior to filing suit, that the prescribed Prednisone had satisfactorily treated

plaintiff's lupus condition but had caused the formation of cataracts."

We granted defendant's petition for leave to appeal.

In February 1974, plaintiff was hospitalized with lesions on his abdomen, shoulders, arms, hands and earlobes. Plaintiff's internist, Dr. Theodore Bartlett, called defendant, a dermatologist, to consult on plaintiff's case. Defendant examined plaintiff and ordered several tests. Ultimately, defendant diagnosed systemic lupus erythematosus, an inflammatory connective tissue disease which causes skin lesions, fever, weakness, joint pain and can affect the internal organs. Defendant prescribed the drug Prednisone to control the lesions.

Plaintiff continued the Prednisone therapy under the care of Dr. Bartlett and defendant. In his deposition, defendant stated that it was his custom to have patients on a long-term Prednisone therapy followed by an internist to monitor the disease's effect on the other organs of the body as well as to monitor the side effects of the drug. According to defendant, in December 1975, he prescribed a nonrefillable 25-day supply of Prednisone for plaintiff over the telephone and did not see plaintiff again until 1979.

In February 1977, plaintiff was hospitalized again. In his deposition, plaintiff stated that he was seen by both defendant and Dr. Bartlett. When plaintiff complained about his failing eyesight Dr. Bartlett told him that the Prednisone was affecting his eyesight and causing cataracts. Dr. Bartlett, however, wanted him to continue taking Prednisone because it was helping the lupus condition. Plaintiff continued taking the drug until 1978. Plaintiff stated that he alternated office visits between defendant and Dr. Bartlett. On April 18, 1978, Dr. C.K. Liao removed the cataracts from plaintiff's left eye.

On April 18, 1980, plaintiff filed a multiple-count complaint against a number of parties including defendant. In his complaint, plaintiff alleged that it was on February 23, 1980, that he first became aware that Prednisone was negligently prescribed.

On appeal defendant maintains that plaintiff's complaint is barred by the statute of limitations (Ill. Rev. Stat. 1979, ch. 83, par. 22.1, recodified in Ill. Rev. Stat. 1981, ch. 110, par. 13—212), since defendant last treated plaintiff with Prednisone in January 1975, more than four years before plaintiff filed this action. Defendant also urges that the suit should be time-barred since plaintiff did not file his action within two years of learning of the alleged malpractice.

An action for medical malpractice must be brought within two years after the plaintiff knew or should have known of the injury and within four years of the date of the alleged malpractice. (Ill. Rev.

Stat. 1981, ch. 110, par. 13—212; *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869.) The statute starts to run when plaintiff knows or reasonably should know that the injury was wrongfully caused. (*Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869; *Aspegren v. Howmedica, Inc.* (1984), 129 Ill. App. 3d 402, 472 N.E.2d 822.) If the time that plaintiff knew or should have known of the injury and that it was wrongfully caused is a disputed question, it is to be resolved by the trier of fact. *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 421 N.E.2d 864; *Snyder v. Judar* (1985), 132 Ill. App. 3d 116, 477 N.E.2d 47.

■ Defendant contends that plaintiff was aware that the Prednisone may have caused his cataracts when he spoke with Dr. Bartlett in February 1977, and at that time plaintiff should have investigated further. Plaintiff argues, and we agree, that it is a question of fact as to whether he had reason to have investigated to find if the drug was negligently prescribed when it was effectively controlling the lupus condition. Plaintiff could reasonably believe that his deteriorating eyesight and resulting cataracts were a necessary result of the long-time drug therapy, rather than defendant's failure to treat the lupus condition in a way so as not to cause cataracts.

In his arguments to this court, defendant assumes as an undisputed fact the very question at issue, that is, "When did plaintiff know or reasonably should have known that his injury was wrongfully caused?" If, as a matter of law, plaintiff knew his cataracts were wrongfully caused when Dr. Bartlett told him in 1977 that the drug was affecting his eyesight, we would agree with defendant that plaintiff's action is untimely. However, knowledge of the injury and knowledge that it is wrongfully caused are two different elements and they need not be concomitant. (See *Aspegren v. Howmedica, Inc.* (1984), 129 Ill. App. 3d 402, 472 N.E.2d 822.) Here, plaintiff suffered from cataracts as a side effect of the successful Prednisone treatment for his lupus condition. Under these circumstances, where plaintiff received beneficial treatment but suffered injurious side effects, the trial court properly determined that a material question of fact remained as to when plaintiff should have known his injuries were wrongfully caused. The trier of fact could reasonably conclude that a person receiving successful treatment for his illness is not necessarily placed on immediate notice to investigate a malpractice claim.

The cases on which defendant relies are inapposite. In each case the plaintiff knew of his injury and knew that it was wrongfully caused, but he did not know the actual identify of the tortfeasor. (See *Hames v. Northern Illinois Gas Co.* (1979), 70 Ill. App. 3d 628, 388

N.E.2d 1127; *Guebard v. Jabaay* (1978), 65 Ill. App. 3d 255, 381 N.E.2d 1164.) As indicated above, these are not the facts presented in this appeal.

The trial court was also correct in rejecting, as a matter of law, defendant's assertion that he last treated plaintiff in January 1975. When the pleadings, depositions and affidavits are construed most strongly against defendant and most liberally in favor of plaintiff, a material question of fact remains. Defendant stated in his deposition that it was his usual practice to have patients who were being treated with Prednisone for lupus to be followed by an internist. Defendant also stated that he did not require plaintiff to come into his office when visiting Dr. Bartlett. Defendant's own statements indicate that plaintiff may have been jointly treated by both physicians. Whether defendant last treated plaintiff when he wrote the last prescription for Prednisone or at some later date must be resolved by the trier of fact.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

WHITE, P.J., and McGILLICUDDY, J., concur.