MARY VOILAND, Plaintiff-Appellee, v. SAMUEL N. WARSAWSKY, Defendant-Appellant.

Second District   No. 2—88—0792

Opinion filed May 3, 1989.

Michael D. Fabing, of Warsawsky, McNeal, Fabing & Associates, of Chicago, for appellant.

Joseph R. Voiland, of Law Offices of Joseph R. Voiland, of Aurora, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Defendant, Samuel N. Warsawsky, appeals an order of the circuit court of Kane County denying his motion for an award of attorney fees pursuant to section 2—107 of the Civil Practice Law (Ill. Rev. Stat. 1987, ch. 110, par. 2—107) based on allegations that plaintiff, Mary Voiland, fixed venue in this cause in Kane County in bad faith and without probable cause.

The only issue raised on appeal is whether the circuit court erred in failing to find bad faith and to award attorney fees to defendant.

Plaintiff filed her complaint in the small claims division of the circuit court of Kane County on April 2, 1985, seeking recovery of a $500 security deposit allegedly held by defendant under an apartment lease agreement. The summons served on defendant required his appearance on April 18, 1985. Defendant did not appear, but on plaintiff's motion, the circuit court continued the matter and granted defendant 28 days within which to file an appearance. On May 16, defendant entered what he denominated a "special and limited appearance" and filed a motion to transfer the cause to the circuit court of Cook County on the basis that venue in Kane County was improper. Defendant's motion further sought an award of attorney fees and costs incurred in securing the transfer to a proper venue, alleging

that plaintiff had fixed venue in bad faith without probable cause. Following a hearing, the circuit court denied defendant's motion on the ground that it was not timely filed. Defendant filed a petition for leave to appeal to this court pursuant to Supreme Court Rule 306(a)(1)(iv) (107 Ill. 2d R. 306(a)(1)(iv)) which was denied.

The case proceeded to trial on plaintiff's amended small claims complaint which sought $525. The circuit court entered judgment in favor of plaintiff for $300 and costs. Defendant then appealed, contending that the ruling of the circuit court that his motion to transfer was untimely was erroneous. This court reversed and remanded for consideration of the factual allegations in defendant's motion. *Voiland v. Warsawsky* (2d Dist., May 28, 1987), No. 2—86—1018 (unpublished order under Supreme Court Rule 23).

■ Upon remand, following a hearing on defendant's motion to transfer venue, the circuit court found that venue was properly in Cook County, but that plaintiff had not fixed venue in Kane County in bad faith in violation of section 2—107. This section allows the court granting the transfer to order a plaintiff to pay the reasonable expenses, including attorney fees, of the defendant in attending and obtaining a transfer to a proper venue, where the court finds that venue was fixed by the plaintiff in bad faith. (Ill. Rev. Stat. 1987, ch. 110, par. 2—107.) The circuit court transferred the cause to Cook County and taxed the costs of transfer against plaintiff but denied attorney fees. Defendant appeals the denial of his attorney fees incurred in obtaining the transfer.

Although neither party has raised the issue of our jurisdiction, we have a duty to consider jurisdiction and to dismiss an appeal if jurisdiction is wanting. (*Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 440, 490 N.E.2d 1252; *Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 539, 470 N.E.2d 290.) In connection with this inquiry, we note that defendant has failed to comply with our supreme court rules in that his appellate brief contains no statement of jurisdiction as required by Supreme Court Rule 341(e)(4)(ii) (113 Ill. 2d R. 341(e)(4)(ii)). Defendant has thereby deprived us of the ability to consider whatever theory he may have as to the appealability of the order he now appeals.

■ Subject to certain exceptions specified in our supreme court rules for appeals from interlocutory orders, which exceptions are inapplicable in this case, this court is without jurisdiction to review judgments or orders which are not final. (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 112, 435 N.E.2d 480.) A judgment is final if it decides the controversy between the parties on the merits and fixes their rights

so that if the judgment is affirmed nothing remains for the trial court to do but to proceed with its execution. *In re J.N.* (1982), 91 Ill. 2d 122, 127, 435 N.E.2d 473.

■ The order appealed from, transferring the cause to Cook County and denying attorney fees, is not a final judgment appealable as of right pursuant to Supreme Court Rule 301 (107 Ill. 2d R. 301). The order does not terminate the litigation, as the merits of the dispute over plaintiff's security deposit remain to be resolved in the circuit court of Cook County. While appeal of an order granting or denying a motion for a transfer of venue may be allowed by the appellate court on petition (107 Ill. 2d R. 306(a)(1)(iv)), this appeal is not sought on this basis, nor is an appeal on the attorney fee issue alone authorized. Further, even were we to assume that the award of attorney fees is a separate claim and is appealable pursuant to Supreme Court Rule 304(a), the circuit court did not make the required finding that there was no just reason for delaying enforcement or appeal to make such order appealable. See *Schlessinger v. Olsen* (1984), 102 Ill. 2d 497, 504, 468 N.E.2d 1158.

For the foregoing reasons, we are without jurisdiction to hear this appeal, and the appeal is dismissed.

Appeal dismissed.

UNVERZAGT, P.J., and LINDBERG, J., concur.