MICHAEL NOLAND, Plaintiff-Appellant, v. VICTOR STEINER *et al.*, Defendants-Appellees.

First District (5th Division) No. 1—88—3499

Opinion filed May 10, 1991.

Albert Brooks Friedman, Ltd., of Chicago, for appellant.

Donald N. Hoppe and Thomas J. Koch, both of Johnson, Cusack & Bell, Ltd., of Chicago (Thomas H. Fegan, of counsel), for appellees.

JUSTICE GORDON delivered the opinion of the court:

On May 17, 1985, plaintiff Michael Noland filed a three-count complaint in the circuit court of Cook County against Victor Steiner, M.D. (Dr. Steiner), George Nahra, M.D. (Dr. Nahra), and Good Shepherd Hospital, Barrington, Illinois (the hospital). The complaint alleged medical malpractice by the defendants in their care and treatment of plaintiff following a hip injury. Dr. Steiner and Dr. Nahra filed separate motions for summary judgment, which

were granted by Judge Dean J. Sodaro in orders dated October 21, 1988. On November 18, 1988, plaintiff filed a notice of appeal from Judge Sodaro's order "granting Defendant, George Nahra, M.D.'s Motion for Summary Judgment." Plaintiff has not challenged the trial court's order granting summary judgment to Dr. Steiner. Neither Dr. Steiner nor the hospital is a party to this appeal.

■■■ The sole issue presented for review is whether the trial court erred in finding that Dr. Nahra was entitled to summary judgment as a matter of law because plaintiff failed to file his lawsuit within the applicable statute of limitation. (Ill. Rev. Stat. 1985, ch. 110, par. 13—212.) The statute provides that an action for medical malpractice must be brought within two years after plaintiff knew or should have known of the injury and within four years of the date of the alleged malpractice. (Ill. Rev. Stat. 1985, ch. 110, par. 13—212; *Skoglund v. Blankenship* (1985), 134 Ill. App. 3d 628, 630, 481 N.E.2d 47, 49.) The statute begins to run when the plaintiff knows or reasonably should know that the injury was wrongfully caused. (*Skoglund,* 134 Ill. App. 3d at 631, 481 N.E.2d at 49.) If the time that plaintiff knew or should have known of the injury and that it was wrongfully caused is a disputed question, it is to be resolved by the trier of fact. *Skoglund,* 134 Ill. App. 3d at 631, 481 N.E.2d at 49; *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 171, 421 N.E.2d 864, 868.

In the case at bar, Dr. Nahra performed the allegedly negligent surgery on plaintiff's hip on February 12, 1982. Plaintiff contends that the pleadings, depositions, and other documents on file raise an issue of material fact as to whether he discovered that his condition was "wrongfully caused" by Dr. Nahra's surgical procedures no earlier than May 18, 1983, a date within two years of the date he filed suit, or on May 16, 1983, more than two years before the filing date. He argues that the conflicting evidence as to the date of discovery precludes summary judgment for defendant as a matter of law. Dr. Nahra maintains that the trial judge correctly determined that no issue of material fact remained as to whether plaintiff's lawsuit was barred by the statute of limitation. He asserts that Noland's own sworn statements, given at his deposition, conclusively establish that he discovered the "wrongful causation" of his condition no later than May 16, 1983, when he first consulted with an orthopedic specialist who later performed corrective surgery on the hip. Defendant further asserts that plaintiff's clear, repeated, and unequivocal statements under oath constitute judicial admissions which conclusively bind him, and that the trial court cor-

rectly ruled that later inconsistent statements could not effectively contradict these admissions. Thus, it is defendant's position that summary judgment in his favor was properly entered.

■■ ■ We find it unnecessary to address the merits of this appeal because we have determined that no final and appealable order was entered by the trial court. Although neither party has raised the issue, we have a duty to consider our jurisdiction and to dismiss an appeal if jurisdiction is wanting. (*Ferguson v. Riverside Medical Center* (1985), 111 Ill. 2d 436, 440, 490 N.E.2d 1252, 1253; *Voiland v. Warsawsky* (1989), 182 Ill. App. 3d 332, 334, 538 N.E.2d 764, 765.) Initially, we note that plaintiff's notice of appeal asserts no basis for jurisdiction, and that plaintiff has failed to comply with Supreme Court Rule 341, which requires a statement in his appellate brief, explaining the jurisdictional basis for appeal. (134 Ill. 2d R. 341(e)(4)(ii).) Plaintiff has thereby deprived us of the ability to consider whatever theory he may have as to the appealability of the trial court's order. (*Voiland*, 182 Ill. App. 3d at 334, 538 N.E.2d at 766.) We further note that although both parties requested an oral argument in this case, and oral arguments were scheduled for February 26, 1991, no one appeared on behalf of the plaintiff. We thereupon took the case under advisement on the basis of the briefs alone.

■■ ■ Supreme Court Rule 304(a) provides that in an action involving multiple parties or multiple claims for relief, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court makes a special finding that there is no just reason for delaying enforcement or appeal. (107 Ill. 2d R. 304(a).) The rule further provides that "[i]n the absence of such a finding, any judgment that adjudicates *** the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." (107 Ill. 2d R. 304(a).) The purpose of Rule 304(a) is " 'to discourage piecemeal appeals in the absence of just reason, and to remove the uncertainty which exists when a final judgment is entered on less than all the matters in the controversy.' " (*Hamer v. Lentz* (1987), 155 Ill. App. 3d 692, 695, 508 N.E.2d 324, 326, quoting *Mares v. Metzler* (1980), 87 Ill. App. 3d 881, 884, 409 N.E.2d 447, 450; *Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 630, 373 N.E.2d 416, 420.) The case at bar is a multiparty suit involving three defendants: Dr. Nahra, Dr. Steiner, and Good Shepherd Hospital. Therefore, the order granting sum-

mary judgment to Dr. Nahra is appealable only if the requirements of Rule 304(a) have been met.

The order from which plaintiff has taken this appeal is dated October 21, 1988, and states as follows:

"This cause coming on defendants [*sic*] motion for summary judgment with due notice and the court fully advised it is ordered that

1. Defendant Dr. Steiner's motion for summary judgment is granted.

2. Defendant Dr. Nahra's motion for summary judgment is granted.

3. Plaintiff is granted leave to file a reply to Defendant Nahra's affirmative defense on or before November 18, 1988."

This order, which disposed of only two of the three defendants joined in the case, contained no special finding relating to its enforcement on appeal.

Also on October 21, 1988, the trial court issued a separate order, which provided:

"THIS CAUSE, coming on to be heard upon the motion of the defendant, VICTOR STEINER, M.D. due notice having been given, and the Court being fully advised in the premises;

IT IS HEREBY ORDERED:

DR. STEINER's motion for summary judgment is granted. The court makes this ruling based on part II of Dr. Steiner's motion for summary judgment which is based on affidavits of Dr. Steiner and Dr. Thompson that there was no violation of the standard of care by Dr. Steiner."

Likewise, this order includes no special finding stating that there was no just reason to delay enforcement or appeal.

Although plaintiff filed his notice of appeal within 30 days of October 21, 1988, it is clear that neither order of that date was an appealable order, and that both orders remained subject to revision until such time as a final disposition had been made as to the liability of all the defendants, including the hospital. Therefore, this court lacks jurisdiction to review the trial court's order granting summary judgment to Dr. Nahra.

Moreover, nothing in the record before us establishes that the trial judge acted at some later time to make his prior summary judgment orders final and appealable. On December 6, 1988, Dr. Steiner moved the court "to make final and appealable the Order

entered on October 21, 1988 which granted summary judgment on his behalf." It should be noted that while there is an indication that the trial court did later enter the requisite Rule 304(a) finding with respect to the dismissal of Dr. Steiner, there is no indication that the trial court ever made such a finding with respect to Dr. Nahra.

More importantly, although Rule 304(a) provides that the special finding "may be made at the time of entry of the judgment *or thereafter* on the court's own motion or on motion of any party," the 30-day period for filing a notice of appeal runs from the date of entry of the required finding, which is treated as the date of entry of final judgment. (Emphasis added.) (107 Ill. 2d 304(a); 134 Ill. 2d R. 304(a) (amended November 21, 1988, eff. Jan. 1, 1989).) Thus, even if such a finding would have been later entered with respect to the order granting Dr. Nahra's motion for summary judgment, only a notice of appeal filed within 30 days following entry of that special finding would be effective to invoke this court's jurisdiction. See *Chicago, Milwaukee, St. Paul & Pacific R.R. Co. v. Harris Trust & Savings Bank* (1978), 63 Ill. App. 3d 1012, 1020, 380 N.E.2d 835, 841; *In re Estate of Pruett* (1971), 133 Ill. App. 2d 499, 501, 269 N.E.2d 356, 358.

▪ Simply stated, plaintiff's notice of appeal, filed in the absence of a special finding as required by Rule 304(a), was premature. It is well settled that the filing of a notice of appeal prematurely from an order or judgment which is not yet a final and appealable order neither deprives the trial court of jurisdiction to proceed with the case nor vests the appellate court with jurisdiction to consider it. (*Dwyer v. Graham* (1982), 110 Ill. App. 3d 316, 442 N.E.2d 298, *rev'd on other grounds* (1983), 99 Ill. 2d 205, 457 N.E.2d 1239; *King City Federal Savings & Loan Association v. Ison* (1980), 80 Ill. App. 3d 900, 400 N.E.2d 562; *Myers v. Myers* (1977), 51 Ill. App. 3d 830, 366 N.E.2d 1114.) In the absence of the requisite Rule 304(a) finding, the trial court's order of October 21, 1988, granting summary judgment to Dr. Nahra, was nonappealable pending disposition of all remaining claims, rights, and liabilities of the parties, including the defendant hospital. Moreover, even if those claims had been subsequently resolved in the trial court, plaintiff could not invoke this court's jurisdiction in reliance on his premature notice of appeal from an order which at the time was not appealable. See *E.M. Melahn Construction Co. v. Village of Carpentersville* (1981), 100 Ill. App. 3d 544, 547-49, 427 N.E.2d 181, 184-86; *King City Federal Savings & Loan Association v. Ison* (1980), 80 Ill. App. 3d 900, 901-02, 400 N.E.2d 562, 563-64; *Blan-*

*chette v. Martell* (1977), 52 Ill. App. 3d 1029, 1031, 368 N.E.2d 458, 459-60.

Accordingly, for the reasons stated, a final and appealable order has not been presented for disposition by this court, and plaintiff's appeal must be dismissed.

Appeal dismissed.

LORENZ, P.J., and MURRAY, J., concur.