Wilke Metal Products, Inc., a Corporation, Plaintiff, Counter-Defendant, Appellant, v. David Architectural Metals, Inc., a Corporation, Defendant, Counter-Plaintiff, Appellee.

Gen. No. 49,620.

First District, Fourth Division.
January 13, 1965.

Rappaport, Clorfene & Rappaport, of Chicago (Hamilton Clorfene, of counsel), for appellant.

Schwartz, Cooper, Kolb & Cohen, of Chicago (Malcolm M. Gaynor and Lloyd S. Kupferberg, of counsel), for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

This is an appeal from a finding in favor of defendant on the statement of claim and from a further finding in its favor on the counterclaim in the sum of $4,500 and costs.

Plaintiff agreed to manufacture 4,464 aluminum window frames for defendant for a total price of $112,000. Five hundred windows were made by a welding method. These were satisfactorily delivered by plaintiff, inspected and installed by defendant. The remaining almost 4,000 windows were made by an extrusion process. After the installation of 90 to 95% of all the windows, defendant notified plaintiff of defects in the frames. Plaintiff sued for $8,404.80, the balance due under its contract, and it was stipulated that this was the amount due from defendant to plaintiff, if the windows had been properly fabricated. Defendants denied generally the allegations of the statement of claim and pleaded a counterclaim for $13,649.20 for breach of warranty.

Plaintiff denied any breach of warranty and contended in the alternative that reasonable notice of a breach of warranty had not been given and that the finding for counterplaintiff was based on improper and incompetent evidence.

The order appealed from reads as follows:

> The Court finds for the defendant, David Architectural Metals, Inc., a corp., and further finds for the defendant and counterplaintiff, David Architectural Metals, Inc., a corp., and assesses damages at the sum of Forty-five Hundred Dollars ($4500.00) and costs.

We are impelled to hold that this is not a final or appealable order. In Mid City Wholesale Grocers, Inc. v. Bischoff, 327 Ill App 268, 64 NE2d 234, the order appealed from was "The court finds the issues for the defendant." Mr. Justice Friend stated at page 269:

> Plaintiff appeals from the foregoing order and seeks to have the appeal determined upon its merits. Upon the record presented we have no jurisdiction to adjudicate the merits of the case but are compelled to dismiss the appeal on defendant's motion under the established rule in this State that where the judgment appealed from is not final or appealable, the court should dismiss the appeal at appellant's cost for want of jurisdiction of the subject matter, and has no power to enter judgment on the merits although the parties make no objection . . . . The finding in this case is not a final judgment, any more than would be the verdict of a jury, and therefore not appealable. If plaintiff desired to appeal from the adverse finding, it was incumbent upon it to see that a judgment was entered on the finding, from which an appeal could have been taken.

That opinion quotes from Chicago Portrait Co. v. Chicago Crayon Co., 217 Ill 200, 175 NE 473, where the Supreme Court held that an appeal should be dis-

missed where no final judgment was entered in the trial court even though the point is not raised.

Appeal dismissed.

McCORMICK, P. J. and ENGLISH, J., concur.