Justin P. Astrauskas, Plaintiff-Counter-Defendant-Appellee, v. Bernard Tafoya, Defendant-Counter-Plaintiff-Appellant.

Gen. No. 50,275.

First District, Fourth Division.

November 12, 1965.

David S. Minor, of Chicago, for appellant.

Melvin A. Garretson, of Chicago, for appellee.

MR. JUSTICE DRUCKER delivered the opinion of the court.

Defendant filed a motion requesting this court to reverse and remand this cause for a new trial, asserting that from the short record and papers on file in this court it is apparent that error was committed. Defendant claims that the trial court, over objection, commenced the trial without a court file; that the file was not located during the trial and remains missing; that the court, ex parte, granted a motion for new trial but later vacated its order and reinstated the judgment against the defendant.

Plaintiff filed a motion to dismiss defendant's appeal for failure to file a notice of appeal in proper time. That motion has not been determined because the short record did not contain all the relevant orders.

A short record shall contain "enough of the record on appeal to show a final order, judgment. . . ." * In considering defendant's motion to reverse and remand we find that the alleged "judgment" appealed from, as appears in the short record, reads as follows:

> "THE COURT FINDS FOR THE PLAINTIFF ON THE STATEMENT OF CLAIM AND FURTHER FINDS FOR THE DEFENDANT ON THE COUNTERCLAIM."

---

* Rule 5(2)(g) Appellate Court Rules First District—Supreme Court Rule 36(2)(b) [Ill Rev Stats (1963), c 110, § 36(2)(b)].

■ ■ This is not a final or appealable order but is merely a finding by the court. Wilke Metal Products, Inc. v. David Architectural Metals, Inc., 55 Ill App2d 34, 204 NE2d 35. An appeal will be dismissed by the reviewing court on its own motion where no final judgment was entered in the trial court. Reynolds v. Wangelin, 314 Ill App 12, 40 NE2d 900. Defendant's appeal is dismissed.

Appeal dismissed.

McCORMICK, P. J. and ENGLISH, J., concur.