JUNE GARMISA, Plaintiff-Appellant, *v.* LEONARD GARMISA, Defendant-Appellee.

(No. 55660;

First District—January 28, 1972.

Jerome Berkson, of Chicago, for appellant.

Altheimer, Gray, Neiburg & Strasburger, and Rinella & Rinella, both of Chicago, (Alan J. Altheimer, Lionel G. Gross, Norman M. Gold, Kenneth R. Gaines, and Owen Doss, of counsel,) for appellee.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

This is an appeal from a judgment of January 14, 1971, finding that defendant was entitled to the possession of the parties' former marital home and that a writ of restitution issue therefor.

On appeal plaintiff contends (1) that the trial court had no jurisdiction on January 14, 1971, to enter a judgment for possession and issue a writ of restitution; (2) that if the court did have jurisdiction to enter the judgment, it was a gross abuse of discretion to do so.

The parties herein executed a property settlement agreement which was incorporated into a decree of divorce enterd on February 11, 1969. Under the terms of the property settlement, plaintiff was to vacate the former marital home by June 30, 1969. She failed to do so and on July 14, 1969, defendant (plaintiff therein) filed an action for possession of the premises under the Forcible Entry and Detainer Act, Ill. Rev. Stat. 1969, ch. 57, par. 1 et seq. On July 31, 1969, plaintiff filed a petition under Section 72 of the Civil Practice Act, Ill. Rev. Stat. 1969, ch. 110, par. 72, to have that part of the decree relating to the property settlement vacated for alleged fraud. The forcible entry and detainer action was consolidated into the Section 72 proceeding. On May 25, 1970, the court entered a modified decree. See Garmisa v. Garmisa, (Ill.App. First Dist. No. 55356). The modified decree reaffirmed the terms of the original settlement except that it reinstated plaintiff's previously waived right to apply for alimony.

On June 23, 1970, plaintiff filed a notice of appeal (which case was docketed in this court as No. 55356) from the order of May 25, 1970. Among other grounds in that appeal plaintiff contended that the court erred in finding that the defendant was entitled to possession of the former marital premises after it found him guilty of fraud.

On December 17, 1970, defendant petitioned for a writ of assistance or a writ of restitution for the former marital home pursuant to the modified decree. On January 14, 1971, the court found that plaintiff was in possession of the marital home, that her withholding was unlawful under the terms of the original and modified decrees and that since no

supersedeas bond was filed to prevent enforcement of the May 25, 1970, modified decree, defendant have and recover possession of the former marital premises and that a writ of restitution issue therefor. The appeal in this case (No. 55660) is from that order.

*Opinion*

We must first consider defendant's contention that this court never acquired jurisdiction to entertain this appeal. He argues that this case stems from a proceeding which was a consolidation of two actions, defendant's (plaintiff in that case) forcible entry and detainer action and plaintiff's Section 72 petition; that although the actions were consolidated, they still retained their independent identity; that under Section 19 of the Forcible Entry and Detainer Act, Ill. Rev. Stat. 1969, ch. 57, par. 19, an aggrieved party (plaintiff herein) must file a notice of appeal and a bond within five days of the judgment in order for the appellate court to acquire jurisdiction; that since plaintiff filed her notice of appeal on June 23, 1970, more than five days after the modified decree of May 25, 1970, and also failed to post a bond, plaintiff's appeal is ineffective.

Defendant agrees that appeals taken from judgments rendered in a Section 72 proceeding are governed by the rules of the Supreme Court and that plaintiff's notice of appeal filed on June 23, 1970, was timely filed thereunder. If the appeal from the order of May 25, 1970, was in essence an appeal from a Section 72 proceeding, defendant would concede that we have jurisdiction over all issues raised in the original litigation.

The significant issue is whether under the consolidation the forcible entry and detainer action and the Section 72 action were merged or whether they retained their independent identities for the purpose of appeal since if this be the case, defendant's argument that the appeal was not timely filed and that therefore we have no jurisdiction would prove correct.

■■ Although defendant could have enforced his right to possession in the original divorce proceeding, he saw fit to file a forcible entry and detainer suit. Plaintiff then filed her Section 72 petition challenging the decree which incorporated the property settlement wherein it was provided, in part, that plaintiff quit-claim her interest in the home to defendant and surrender possession. Defendant filed a counter-claim to the petition in which he sought to obtain possession through a contempt order. Therefore by consolidation the forcible entry and detainer suit was merged into the Section 72 proceeding (*Black Hawk Motor Transit Company v. Illinois Commerce Commission,* 383 Ill. 57, 67); its independent identity was lost and plaintiff was not obliged to follow the

234

special appeal requirements of the Forcible Entry and Detainer Act.

Plaintiff in urging reversal contends that the trial court was without jurisdiction on January 14, 1971, to enter the judgment for possession and issue a writ of restitution. Plaintiff relies on cases holding that after notice of appeal is filed the trial court loses jurisdiction to alter or modify the judgment except as to matters which are collateral to the substantive issues adjudicated in the proceeding. See *Arndt v. Arndt*, 331 Ill.App. 85.

Defendant acknowledges this general rule but cites *Colon v. Marzec*, 116 Ill.App.2d 278, for the proposition that where no *supersedeas* bond is filed to stay enforcement of the judgment (as is the case here) a subsequent enforcement proceeding is within the exception to the general rule cited above. See also *Shapiro v. Shapiro*, 113 Ill.App.2d 374, 383.

We agree with defendant that *Colon v. Marzec, supra*, stands for the proposition it is cited for. However, in the instant case the facts reveal that the court on January 14, 1971, was not enforcing a judgment. The modified decree of May 25, 1970, stated as follows:

AND THE COURT DOTH FIND:

\* \* \*

"13. The Court further finds that [defendant] \* \* \* is entitled to a Writ of Restitution against [plaintiff] \* \* \* for the [former marital premises] \* \* \*, but stays execution thereon until a further hearing by the Court to determine a date for the issuance of said Writ \* \* \*.

IT IS HEREBY ORDERED, DECREED AND ADJUDGED as follows:

3. That by separate order a date be set for further hearing on the date the Writ of Restitution shall issue for the [former marital premises] \* \* \*."

■■ This order was not a judgment for possession but rather only a reiteration of the finding that defendant was entitled to possession and a writ of restitution at a future time. (See *Wilke Metal Prods. v. David Architectural Metals*, 55 Ill.App.2d 34.) It was merely one finding among many others made in the disposition of the Section 72 proceeding.

The order entered on January 14, 1971, was not an enforcement of the finding of May 25, 1970. It read as follows:

THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

"A. Defendant have and recover of and from plaintiff the possession of the [former marital home] \* \* \*, and that a Writ of Restitution issue therefor, said Writ to issue on January 18, 1971. \* \* \*."

It was a judgment for possession, the first judgment for possession issued in the litigation.

The finding that defendant was entitled to possession was already on appeal in Case No. 55356. Thereafter the trial court was without juris-

diction to change or modify (expand on in this case) what was previously ordered. We conclude that the trial court was without jurisdiction on January 14, 1971, to enter a judgment for defendant, awarding him possession of the premises and issuing a writ of restitution therefor.

In view of the position we have taken on this point it is unnecessary to review the other contention raised by plaintiff on appeal. The judgment for the defendant is reversed.

Judgment reversed.

LORENZ, P. J., and ENGLISH, J., concur.