BETTY SMITH, Plaintiff-Appellee, v. CAROL SMITH *et al.*, Defendants-Appellants.

First District (5th Division)   No. 1—91—3447

Opinion filed December 18, 1992.

Carol Smith, of American National Mortgage Corporation, of Chicago, for appellants.

No brief filed for appellee.

JUSTICE MURRAY delivered the opinion of the court:

Defendant American National Mortgage Corporation (ANMC) brings this appeal from an order of the circuit court dated September 17, 1991. Because we find that the order is not final, we dismiss the appeal for lack of jurisdiction.

The record reveals the following.

On March 22, 1985, Betty Smith (Smith) entered into an agreement with American National & International Financial Services, Inc.

(ANIFS).[1] Pursuant to this agreement Smith was to transfer 2,680 shares of stock she held to ANIFS and the stock was to be used toward the purchase of real estate. According to an accompanying document, the stock was valued at $35,054.40 and Smith was to invest 65% of the stock's value or $22,785.36.

This agreement was voided on July 6, 1985, at which time Smith entered into an alternative agreement with ANMC. Pursuant to the new agreement, Smith was to transfer the same 2,680 shares of stock to ANMC to be held as collateral "for the purpose of funding and servicing mortgages, trust deeds and lending situations." The investment commitment was for two years and Smith was to receive 16% simple interest on her investment from ANMC.

We note that the documents pertaining to this agreement reveal a discrepancy. The "Mortgage Investment Participation Agreement" indicates that the amount of $23,743.20 was being invested with ANMC and that ANMC was to pay 16% interest on this amount. An addendum attached to the agreement, however, appears to indicate that the assessed value of the stock was $23,743.20 and that 65% of that figure was to be considered the investment.

On September 21, 1985, a third agreement was entered into, which purported to amend and replace the July 7, 1985, agreement. The only apparent change between this agreement and the July agreement was the amount of the investment. This agreement indicated that $23,700.20 was being invested. However, this agreement contained the same internal inconsistency as the July agreement, *i.e.*, although the stock was valued at $23,700.20 and only 65% of the stock's value was to be considered the investment, the agreement indicated that 16% interest was to be paid on the $23,700.20 figure.

On September 4, 1985, Smith also entered into another agreement with ANMC to invest an additional $1,000 in cash.

On April 19, 1990, Smith filed a breach of contract action against the four defendants named in the caption above. Attached to the complaint were copies of the above-mentioned agreements. Smith alleged in the complaint that the defendants refused to return her investment plus certain profits, interest and capital gains. Smith's complaint

---

[1]Smith's complaint alleges that Carol Smith and Charles Christian are agents of both ANMC and ANIFS. The record indicates that Carol Smith is the president and sole shareholder of the corporate entity known as ANMC. ANIFS is apparently related to or affiliated with ANMC. Nothing in the record indicates Charles Christian's connection to these corporations.

sought the return of her investment and dividends plus attorney fees and court costs.

Smith obtained a default judgment against defendants, jointly and severally, on July 31, 1990. On October 4, 1990, the court awarded specified amounts to plaintiff and against ANMC for damages, court costs and attorney fees for a total judgment of $7,137.41. The complaint was withdrawn without prejudice as to the remaining defendants.

Subsequently, in an order dated December 11, 1990, the default judgment was vacated against ANMC and ANMC was granted leave to file an appearance. At the same time all other defendants were found to be nonsuited by the order dated October 4, 1990.

On January 11, 1991, ANMC filed its answer to the complaint and an affirmative defense. Then, on July 11, 1991, ANMC filed a motion to amend its pleadings to include a counterclaim against Smith. Leave was granted for the filing of the counterclaim on July 15, 1991. In the counterclaim ANMC alleged that it not only had paid all of the interest, dividends and capital gains that were contractually due to Smith, but that it had, in fact, overpaid Smith.

Trial was held on July 16 and 17, 1991. Post-trial memorandums were submitted and on September 17, 1991, the trial court signed an order that had been prepared by Smith. This order states as follows:

"IT IS ORDERED:

(1.) There is due and owing to the Plaintiff, payable immediately, $5,427.07.

(2.) Defendant shall pay court costs."

On October 16, 1991, ANMC filed a notice of appeal from this September 17, 1991, order. Notice of this filing was apparently not served upon Betty Smith, but rather upon Franklin Jones, her attorney throughout the proceedings. Smith has not responded to the appeal, no brief having been filed with this court on her behalf.

OPINION

■ ANMC cites to no order, nor does there appear to be any such order in the record, which reduces the above finding in favor of plaintiff Smith to a final judgment against ANMC. It is well established law that a jury verdict or finding by a trial judge alone is not a judgment and that a reviewing court has no jurisdiction to consider an appeal from a nonexistent judgment. (*Heavey v. Ehret* (1988), 166 Ill. App. 3d 347, 349, 519 N.E.2d 996.) Even where the finding in favor of one party provides for a sum as damages and costs, the finding is not final and appealable unless such finding was entered as a judg-

ment against the opposing party. *Wilke Metal Products, Inc. v. David Architectural Metals, Inc.* (1965), 55 Ill. App. 2d 34, 36, 204 N.E.2d 35.

In this case the order appealed from is merely a finding in plaintiff's favor. If it has been reduced to a judgment in favor of plaintiff and against ANMC, such an order is not known to this court. Our own review of the record does not indicate that any such order exists, although the record is incomplete since it does not contain transcripts of the second day of trial or any subsequent hearings at which the trial court made its findings in favor of plaintiff.

We hasten to note, however, that even if these transcripts were in the record they would not necessarily be sufficient to avoid dismissal since "a docket entry or a mere reference or recital in an abstract, transcript, certificate of evidence, or bill of exceptions" is not sufficient to constitute a judgment of record. See *Heavey v. Ehret*, 166 Ill. App. 3d at 350.

We further note that the September 17 order from which ANMC appeals merely states that an amount is due plaintiff. It does not even indicate from whom this amount is due, nor does it address the counterclaim which was brought before the trial court by ANMC.

For the above reasons, we dismiss the appeal.

Dismissed.

McNULTY, P.J., and GORDON, J., concur.