**2021 IL 126730**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

———————————

(Docket No. 126730)

CLIFTON ARMSTEAD, Appellant, v. NATIONAL FREIGHT, INC., *et al.*, Appellees.

*Opinion filed December 16, 2021.*

JUSTICE OVERSTREET delivered the judgment of the court, with opinion.

Justices Garman, Theis, and Michael J. Burke concurred in the judgment and opinion.

Chief Justice Anne M. Burke concurred in part and dissented in part, with opinion, joined by Justice Neville.

Justice Carter took no part in the decision.

**OPINION**

¶ 1      The instant action arises from a March 6, 2015, vehicular collision at the entrance to a truck terminal located in Minooka, Illinois. Plaintiff, Clifton

Armstead, in the course of his employment as a semitruck driver with Pennsylvania-based Manfredi Mushroom Companies, Inc. (Manfredi Mushroom), was allegedly struck and injured by the semitruck operated by defendant, Derrick Roberts, in the course of Roberts's employment with defendant, National Freight, Inc., doing business as NFI Industries, Inc. (NFI). As a result of the collision, plaintiff filed in Pennsylvania a workers' compensation claim against Manfredi Mushroom, which led to the execution of a "Compromise and Release Agreement by Stipulation" (Agreement) settling the claim. Plaintiff also filed the instant claim against defendants in the Grundy County circuit court.

¶ 2 Thereafter, in the Grundy County circuit court, defendants filed a "Motion for Partial Summary Judgment or Summary Determination of a Major Issue," which the circuit court granted. The circuit court determined that the Agreement included a judicial admission that prohibited plaintiff from claiming injuries other than a right knee strain. The circuit court entered a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) that there was no just reason to delay enforcement or appeal of its order. Plaintiff appealed, and on alternative, collateral-estoppel grounds, the appellate court affirmed the circuit court's order granting defendants' motion. 2020 IL App (3d) 170777, ¶ 19. For the following reasons, we vacate the appellate court's order and remand the cause to the circuit court for dismissal.

¶ 3                                        I. BACKGROUND

¶ 4                        A. The Pennsylvania Workers' Compensation Action

¶ 5 On March 31, 2015, plaintiff filed with the Pennsylvania Department of Labor and Industry Workers' Compensation Office of Adjudication (Pennsylvania Office of Adjudication) a workers' compensation claim against Manfredi Mushroom, seeking compensatory damages for the injuries he sustained in the March 6, 2015, semitruck collision, which occurred in the course of his employment. On November 9, 2016, the Pennsylvania Office of Adjudication entered an order adjudicating plaintiff's claims, incorporating the Agreement signed by plaintiff.

¶ 6 The Agreement stated, in relevant part, as follows:

"State the precise nature of [plaintiff's] injury and whether the disability is total or partial.

Right knee strain. The parties agree that [plaintiff] did not sustain any other injury or medical condition as a result of his 3/06/2015 work injury."

The "Conclusions of Law" section of the Agreement further stated as follows:

"[T]he Agreement as referenced of record is appropriately approved as binding only on the signing [p]arties, and limited to their respective rights and obligations under the [Pennsylvania Workers' Compensation] Act. This [d]ecision is entered without adoption or litigated determination on the merits of the matters agreed upon, and is not to alter rights or obligations of any third party not a signatory to the Agreement, including any health insurance company or governmental agency."

¶ 7                                    B. The Instant Action

¶ 8        On May 5, 2016, plaintiff filed in the Grundy County circuit court a two-count complaint alleging negligence against defendants. In count I, plaintiff alleged that on March 6, 2015, NFI, through its employee Roberts, breached its duty to exercise reasonable care when Roberts negligently operated a tractor-trailer, causing the collision and plaintiff's injuries. In count II, plaintiff asserted the same negligence allegations against Roberts individually. Plaintiff complained of and sought damages for back, shoulder, and knee injuries resulting from the collision.

¶ 9        On March 13, 2017, defendants filed the "Motion for Partial Summary Judgment or Summary Determination of a Major Issue." In their motion, defendants noted that the Pennsylvania order adjudicating plaintiff's workers' compensation claim had incorporated the Agreement, which stated that plaintiff had sustained only a right knee strain as a result of the collision. Defendants contended that the doctrine of collateral estoppel barred plaintiff from asserting that he incurred additional injuries beyond a right knee strain, as adjudicated and determined pursuant to his workers' compensation claim. Defendants argued that, pursuant to the doctrine of collateral estoppel, they were entitled to judgment as a matter of law regarding the nature and extent of the injury plaintiff sustained in the collision.

Defendants also argued that plaintiff's admission in the Agreement amounted to a judicial admission that barred plaintiff from contending that he sustained injuries other than a right knee strain in the collision.

¶ 10 On April 24, 2017, plaintiff submitted his response to defendants' motion. In plaintiff's response, he alleged that as a result of the collision, he sustained injuries to his knee, lower back, and shoulder. Plaintiff argued that he executed the Agreement without litigating the matter and without having incentive to litigate the matter. Plaintiff cited the "Conclusions of Law" language in the Agreement, stating that the Agreement was "binding only on the signing [p]arties, and limited to their respective rights and obligations under" Pennsylvania law and entered "without adoption or litigated determination on the merits of the matters agreed upon, and is not to alter rights or obligations of any third party not a signatory to the Agreement." Plaintiff argued that the Agreement could only be viewed through the lens of Pennsylvania workers' compensation law, only pertained to the Pennsylvania workers' compensation claim, and did not bar recovery against defendants for injuries beyond his right knee strain.

¶ 11 On June 14, 2017, the circuit court granted defendants' motion. The circuit court held that the Agreement's statement regarding plaintiff's right knee strain constituted a judicial admission that prohibited plaintiff from claiming additional injuries. The circuit court rejected defendants' collateral estoppel argument as a basis to grant the motion. The circuit court found no just reason to delay enforcement or appeal of the order. Ill. S. Ct. 304(a) (eff. Mar. 8, 2016).

¶ 12 On July 13, 2017, plaintiff filed a motion to reconsider the circuit court's order. Plaintiff argued that on May 16, 2016, prior to his submission of the November 9, 2016, Agreement, he testified at a deposition that he injured his back, shoulder, and knee. Plaintiff argued that this deposition testimony from the Pennsylvania workers' compensation case amounted to new evidence that had not yet been discovered, was more akin to a judicial admission than the content of the unlitigated Agreement, and justified the circuit court's granting of his motion to reconsider. On October 18, 2017, the circuit court denied the motion to reconsider. The circuit court again found no just reason to delay enforcement or appeal of the ruling. *Id.*

¶ 13 On November 14, 2017, plaintiff filed a notice of appeal. However, on November 29, 2017, plaintiff filed in the circuit court a motion for voluntary

- 4 -

dismissal without prejudice. In this motion, plaintiff asserted that the June 14, 2017, and October 18, 2017, orders "dismissed any potential claims for injuries" other than a right knee strain. Plaintiff moved to voluntarily dismiss, with leave to refile, "the remnant of this [c]ause concerning any claims for injuries concerning 'right knee strain.' " On December 7, 2017, the circuit court, stating that it had "dismissed any potential claims for injuries aside from [a] 'right knee strain' pursuant to [d]efendants' Partial Motion for Summary Judgment," dismissed the cause "without prejudice and with leave to re-file."

¶ 14   On January 3, 2018, plaintiff filed a second notice of appeal, and on January 25, 2018, the Appellate Court, Third District, consolidated the appeals. On appeal, plaintiff argued that the circuit court improperly characterized his statement from the separate-but-related action as a judicial admission. Pursuant to a petition for rehearing, the appellate court affirmed the circuit court's order but on a different basis. 2020 IL App (3d) 170777, ¶ 19. The appellate court held that plaintiff's contentions of additional injury were barred pursuant to the doctrine of collateral estoppel. *Id.* ¶ 21.

¶ 15   Finding the requirements of collateral estoppel met, the appellate court concluded that plaintiff was estopped from seeking compensation for any injury beyond the right knee strain referenced in the Agreement. *Id.* ¶ 32. The appellate court further found no unfairness in barring plaintiff from complaining of additional injuries because he had the opportunity to pursue those contentions during the Pennsylvania workers' compensation proceedings. *Id.* ¶ 33. Having resolved the appeal on the basis of collateral estoppel, the appellate court did not reach defendants' alternative argument based on judicial estoppel. *Id.* ¶ 34 n.2.

¶ 16   On March 24, 2021, this court allowed plaintiff's petition for leave to appeal (Ill. S. Ct. R. 315 (eff. Oct. 1, 2019)). This court granted the Illinois Trial Lawyers Association and the Workers' Compensation Lawyers Association leave to submit *amicus curiae* briefs in support of plaintiff's position. Ill. S. Ct. R. 345 (eff. Sept. 20, 2010). This court also granted the Illinois Association of Defense Trial Counsel leave to submit an *amicus curiae* brief in support of defendant NFI's position.

¶ 17                                   II. ANALYSIS

¶ 18            Initially, we note that on May 6, 2021, defendants filed with this court a motion
         to dismiss the appeal as moot. In the motion, defendants argued that, after the circuit
         court granted their motion for partial summary judgment, the scope of plaintiff's
         damages for his negligence cause of action was limited to a knee strain injury.
         Defendants argued that, because plaintiff voluntarily dismissed his cause of action
         in the circuit court on December 7, 2017, and did not refile his cause of action by
         December 7, 2018, pursuant to section 13-217 of the Code of Civil Procedure (735
         ILCS 5/13-217 (West 2016) (allowing plaintiff to commence action within one year
         of voluntary dismissal or within remaining period of limitation)), the statute of
         limitations had expired. See *id.* § 13-202 (two-year period of limitation for
         commencing personal injury action). Defendants argued that as a consequence our
         decision would be advisory and, thus, the appeal should be dismissed as moot.

¶ 19            We took defendants' motion with this case, and we hereby deny it. However,
         upon review of the record, we have determined that this court lacks jurisdiction, as
         did the appellate court, to address the issue in this appeal. See *In re J.B.*, 204 Ill. 2d
         382, 388 (2003) (if not raised by the parties, reviewing courts have duty to raise at
         any time questions affecting court's authority to hear a given controversy).

¶ 20            The Illinois Constitution confers on the appellate court jurisdiction to hear
         appeals from final judgments entered in the circuit court. See Ill. Const. 1970, art.
         VI, § 6 (providing that appeals "from final judgments of a Circuit Court are a matter
         of right to the Appellate Court"). The constitution further grants this court the right
         to "provide by rule for appeals to the Appellate Court from other than final
         judgments." *Id.* "Accordingly, absent a supreme court rule, the appellate court is
         without jurisdiction to review judgments, orders, or decrees that are not final."
         *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 22.

¶ 21            In this case, the circuit court's order granting defendants' motion was brought
         before the appellate court pursuant to Illinois Supreme Court Rule 304(a) (Mar. 8,
         2016). Rule 304(a) provides:

              "If multiple parties or multiple claims for relief are involved in an action, an
              appeal may be taken from a final judgment as to one or more but fewer than all
              of the parties or claims only if the trial court has made an express written finding

that there is no just reason for delaying either enforcement or appeal or both. \*\*\* In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties." *Id.*

¶ 22    Although the circuit court in this case made the written finding required by Rule 304(a), that finding is not dispositive. See *Blumenthal*, 2016 IL 118781, ¶ 24. "By its terms, Rule 304(a) applies only to final judgments or orders." *Id.* "The special finding contemplated by the rule will make a final order appealable, but it can have no effect on a nonfinal order." *Id.* "If the order is in fact not final, inclusion of the special finding in the trial court's order cannot confer appellate jurisdiction." *Id.*

¶ 23    "[T]o be considered final and appealable for purposes of Rule 304(a), a judgment or order must terminate the litigation between the parties on the merits of the cause, so that, if affirmed, the trial court only has to proceed with execution of the judgment." *Id.* ¶ 25. Although the order need not dispose of all claims presented by the pleadings, "it must be final in the sense that it disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate part thereof." *Id.*

¶ 24    Where an order disposes only of certain issues relating to the same basic claim, such a ruling is not subject to review under Rule 304(a). *In re Marriage of Leopando*, 96 Ill. 2d 114, 119-20 (1983). In *The Carle Foundation v. Cunningham Township*, 2017 IL 120427, ¶ 1, the plaintiff filed an action to establish that four of its properties were exempt from real estate taxation. The circuit court granted the plaintiff's motion for summary judgment on count II of the fourth amended complaint, which sought a declaration that the plaintiff's exemption claims were governed by section 15-86 of the Property Tax Code (35 ILCS 200/15-86 (West 2014) (establishing a charitable use exemption for hospitals)). *Carle Foundation*, 2017 IL 120427, ¶ 1. The circuit court entered a finding pursuant to Illinois Supreme Court Rule 304(a) (eff. Feb. 26, 2010) that there was no just reason to delay enforcement of or appeal from its decision. *Carle Foundation*, 2017 IL 120427, ¶ 1. The defendants appealed, and the appellate court reversed the circuit court's judgment. *Id.* After petitions for leave to appeal were granted, this court

vacated the appellate court's decision on the grounds that it lacked appellate jurisdiction under Rule 304(a) and remanded the cause to the circuit court for further proceedings. *Id.*

¶ 25    In *Carle Foundation*, this court explained that, "[i]n construing and applying Rule 304(a), this court has drawn a clear distinction between judgments that dispose of 'separate, unrelated claims,' which are immediately appealable under Rule 304(a), and orders that dispose only of 'separate issues relating to the *same* claim,' which are not immediately appealable under Rule 304(a)." (Emphasis in original.) *Id.* ¶ 15 (quoting *Leopando*, 96 Ill. 2d at 119); see also *In re Marriage of Best*, 228 Ill. 2d 107, 114 (2008). This court clarified that "[t]he reason for this distinction is found in the policy considerations that inform Rule 304(a)." *Carle Foundation*, 2017 IL 120427, ¶ 15. These considerations include " 'discouraging piecemeal appeals in the absence of some compelling reason and *** removing the uncertainty as to the appealability of a judgment which was entered on less than all of the matters in controversy.' " *Id.* (quoting *In re Marriage of Lentz*, 79 Ill. 2d 400, 407 (1980)); see also *Leopando*, 96 Ill. 2d at 119-20 (to interpret Rule 304(a) as allowing a party to file separate appeals from adverse judgments as to each issue involved in a dissolution proceeding would promote unnecessary piecemeal litigation arising out of the same proceeding).

¶ 26    This court in *Carle Foundation* concluded that the circuit court's order resolved an issue, not a claim. *Carle Foundation*, 2017 IL 120427, ¶ 18. This court determined that rather than disposing of a claim that was separate and distinct from plaintiff's exemption claims, the question posed in count II of the complaint was simply an issue that was ancillary to remaining claims pled in the complaint. *Id.* The court thus found that, because the order disposed only of certain issues relating to the same basic claims, the ruling was not subject to review under Rule 304(a) and the appellate court lacked jurisdiction to review it. *Id.*

¶ 27    Likewise, we must determine whether the circuit court's order granting plaintiff's "Motion for Partial Summary Judgment or Summary Determination of a Major Issue" disposed of a claim that was separate from and unrelated to the negligence claims pled in plaintiff's complaint or whether it merely resolved an issue that was part of or ancillary to those claims. See *id.* We conclude that the circuit court's order resolved an issue, not a claim.

¶ 28 The circuit court's order granting defendants' motion disposed of an issue, *i.e.*, whether plaintiff's statement in the Agreement amounted to a judicial admission that precluded him from later asserting injuries to his back and shoulder. The circuit court's order did not dispose of plaintiff's negligence claim against NFI in count I or plaintiff's negligence claim against Roberts in count II of his complaint. Plaintiff's negligence claims against defendants remained pending in the circuit court even after the circuit court entered its order limiting plaintiff to allegations involving only his knee strain injury. Because the circuit court's order disposed only of a certain issue, *i.e.*, whether plaintiff's injury allegations were limited by a previous judicial admission, which related to the same basic negligence claims, its ruling was not subject to review under Rule 304(a). See *id.* (" '[w]here an order disposes only of certain issues relating to the same basic claim, such a ruling is not subject to review under Rule 304(a)' " (quoting *Blumenthal*, 2016 IL 118781, ¶ 27)).

¶ 29 Instead, the circuit court's order limiting plaintiff's injury allegations pursuant to his prior judicial admission resolved an issue that was ancillary to plaintiff's negligence claims. Accordingly, permitting this appeal would promote precisely the type of piecemeal appeals Rule 304(a) was designed to discourage. See *Blumenthal*, 2016 IL 118781, ¶ 27. Thus, the circuit court's entry of a Rule 304(a) finding in this case was improper, and the appellate court therefore lacked jurisdiction to review the circuit court's order.

¶ 30 The record on appeal and plaintiff's argument in his reply brief reveal that, subsequent to the circuit court's improper Rule 304(a) finding, plaintiff dismissed his action in the circuit court, where jurisdiction remained due to the improper Rule 304(a) finding. After dismissal, plaintiff failed to refile the action within one year pursuant to section 13-217 of the Code of Civil Procedure or within the statute of limitations period; therefore, plaintiff's action remains dismissed. Accordingly, we vacate the appellate court's decision in its entirety and remand this cause to the circuit court for dismissal.

¶ 31                    III. CONCLUSION

¶ 32    For the foregoing reasons, we hereby vacate the judgment of the appellate court, and we remand this cause to the circuit court for dismissal.

¶ 33    Appellate court judgment vacated.

¶ 34    Cause remanded for dismissal.

¶ 35    CHIEF JUSTICE ANNE M. BURKE, concurring in part and dissenting in part:

¶ 36    I agree with the majority that plaintiff's appeal under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016) was improper and, as a result, the appellate court lacked jurisdiction and its judgment must be vacated. I disagree, however, with the majority's decision to remand this cause to the circuit court for dismissal. I therefore concur in part and dissent in part.

¶ 37    Plaintiff Clifton Armstead was involved in a motor vehicle accident in which the truck he was driving for his employer was struck by a vehicle owned by National Freight, Inc., doing business as NFI Industries, Inc., and driven by their employee, Derrick Roberts. Plaintiff suffered knee and back injuries and underwent multiple surgeries.

¶ 38    Plaintiff filed a workers' compensation claim in Pennsylvania, and he and his employer entered into a settlement agreement for $110,000. In the agreement plaintiff's injury was listed as "knee strain." The settlement agreement also said that appellant had not sustained any other injuries. The order approving the agreement provided that it was "approved as binding only on the signing Parties and limited to their respective rights and obligations under the Act." The order also stated it was "entered without adoption or litigated determination on the merits of the matters agreed upon" and was "not to alter rights or obligations of any third party not a signatory to the Agreement."

¶ 39    Plaintiff thereafter filed a two-count complaint in Illinois seeking compensation for injuries to his back, shoulder, and knee. Plaintiff's cause of action sounded in

negligence. Count I of plaintiff's complaint set forth a claim of negligence against NFI Industries, Inc., and count II set forth a claim of negligence against Roberts.

¶ 40    Defendants moved for partial summary judgment, arguing that (1) the language in the Pennsylvania agreement describing the injury constituted a judicial admission that limited appellee's injuries to knee strain or (2) based on collateral estopped principles, appellant was barred from seeking damages for any injury other than knee strain. The circuit court granted defendants' motion, finding the statement of injury in the release agreement in the Pennsylvania workers' compensation case was a judicial admission that appellant's only injury was "knee strain." The circuit court rejected the collateral estoppel argument.

¶ 41    Rule 304(a) language was then added to the circuit court's order, and plaintiff appealed. Two weeks later, appellant moved—in the circuit court—to dismiss his remaining "claim" for right knee strain, which the circuit court granted.

¶ 42    The appellate court did not consider its own jurisdiction. Initially it reversed the circuit court, but it later affirmed on rehearing, holding that collateral estoppel applied to bar plaintiff from claiming damages beyond "knee strain." 2020 IL App (3d) 170777.

¶ 43    In this court, the majority correctly holds that plaintiff's Rule 304(a) appeal was improper. As the majority explains, the circuit court's decision regarding the preclusive effect of the Pennsylvania workers' compensation award merely resolved an issue that related to plaintiff's personal injury claims. Since the circuit court's ruling was not a final judgment resolving a claim, it was not subject to appeal, and the issuance of the Rule 304(a) finding had no legal effect. *Supra* ¶¶ 28-29.

¶ 44    This same reasoning applies with equal force to plaintiff's motion to dismiss. As noted, while this matter was pending in the appellate court, plaintiff filed a motion in the circuit court to voluntarily dismiss a "claim" for right knee strain. *Supra* ¶ 13. However, as this court has made clear, there is no such thing as a "claim" for knee strain. Whether plaintiff can recover for a particular bodily injury is an issue *related* to his claims of negligence; it is not itself a claim. Thus, just as plaintiff's appeal was improper, so too was the motion requesting dismissal of a "claim" for knee strain. The motion asked for something that simply did not exist.

The motion was a legal nullity, and neither it nor the circuit court's order granting the motion should be given any effect.

¶ 45 The majority does not acknowledge the legal deficiency of plaintiff's motion. Instead, the majority rewrites it, stating at the conclusion of its opinion that "plaintiff dismissed *his action* in the circuit court." (Emphasis added.) *Supra* ¶ 30. Based on this mischaracterization of plaintiff's motion, the majority concludes that this cause must be remanded to the circuit court for dismissal. This is clearly incorrect. Plaintiff at no time sought dismissal of his entire negligence cause of action. Indeed, he could not possibly have intended such a thing, given that he, as well as the defendants and the circuit court, all assumed that part of the case was on appeal in the appellate court. The majority has rewritten plaintiff's motion and turned it into something plaintiff never intended. There is no justification for taking this step.

¶ 46 Moreover, if, as the majority states, plaintiff's cause of action was dismissed in its entirety, then this would necessarily mean that this appeal is moot, since plaintiff never moved to refile. Yet the majority holds that the appeal is not moot. *Supra* ¶¶ 18-19. No explanation is given for this inconsistency.

¶ 47 The majority's rewriting of plaintiff's motion is unwarranted and fundamentally unfair. The parties and the circuit court were operating under the false assumption that there were separate "claims" for different bodily injuries. This error infected the entire proceedings. Now that the error has been corrected by this court, the appropriate thing to do is to vacate the appellate court's judgment as well as the circuit court's voluntary dismissal order and return this case to the circuit court. This would put the parties back to square one and leave intact the circuit court's determination regarding the preclusive effect of the Pennsylvania workers' compensation award.

¶ 48 For these reasons, I concur in part and dissent in part.

¶ 49 JUSTICE NEVILLE joins in this partial concurrence, partial dissent.

¶ 50 JUSTICE CARTER took no part in the consideration or decision of this case.