2022 IL App (1st) 200950-U

THIRD DIVISION
February 9, 2022

No. 1-20-0950

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | |
|---|---|
| TONY HOLT, | ) |
| | ) Appeal from |
|     Plaintiff-Appellant, | ) the Circuit Court |
| | ) of Cook County |
|     v. | ) |
| | ) 2017-L-008666 |
| CITY OF CHICAGO, A MUNICIPAL CORPORATION, Detective | ) |
| Patricia Christian, Star #20114, in her individual capacity, and | ) Honorable |
| June Jenkins Robb, | ) John P. Callahan, Jr., |
| | ) Judge Presiding |
|     Defendants-Appellees. | ) |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Gordon and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Plaintiff's appeal from directed verdict entered in favor two defendants was dismissed for lack of jurisdiction because plaintiff's claim against third defendant remained pending in the trial court.

¶ 2    After Tony Holt was found not guilty of criminal charges that he battered and sexually assaulted June Jenkins Robb, he sued her and Chicago Police Department Detective Patricia Christian for malicious prosecution and sought indemnification from Detective Christian's employer, the City of Chicago. A jury found Robb was not liable and awarded Holt damages from the two City of Chicago defendants only. However, the trial judge granted the City of Chicago

defendants' motion for a directed verdict, from which Holt appeals. Holt argues that after the jury returned with its verdicts, it was improper for the judge to rule on a motion for a directed verdict that the City of Chicago defendants had tendered during the trial. Holt contends judgment should have been entered immediately in accordance with the verdicts, and then the City of Chicago defendants could have filed a single post-trial motion seeking judgment notwithstanding the verdict and any other relief. Holt's second contention is that the directed verdict was contrary to the evidence.

¶ 3     Before filing their appellate response brief, the City of Chicago defendants filed a motion to dismiss the appeal for lack of jurisdiction. They argued that Holt's appeal is premature, in that he purports to appeal from a final judgment pursuant to Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) and Rule 303 (eff. July 1, 2017), while his claim against Robb is still pending in the trial court. That motion was denied by another panel of this court. That ruling was nonbinding and subject to reconsideration. *In re Marriage of Waddick*, 373 Ill. App. 3d 703, 705, 869 N.E.2d 1089, 1090 (2007) (the denial of a motion to dismiss an appeal during briefing is not final and may be reconsidered); *In re Estate of Gagliardo*, 391 Ill. App. 3d 343, 348, 908 N.E.2d 1056, 1061 (2009) (a motion panel's denial of a motion to dismiss before briefing and argument is not final and may be revised at any time before disposition). Even if the City of Chicago defendants had not raised the question of jurisdiction, the panel that hears the appeal has an independent duty to confirm its jurisdiction. *Gagliardo*, 391 Ill. App. 3d at 348, 908 N.E.2d at 1061. Accordingly, before considering Holt's appeal, we will address our jurisdiction.

¶ 4     Holt filed suit in 2017. He subsequently filed a motion seeking a default judgment with respect to Robb and in August 2019, the court entered a case management order which stated in

part, "June Jenkins Robb is defaulted." When Holt's claims proceeded to a jury trial in February 2020, Robb did not participate in the trial. The jury returned with a completed verdict form indicating that Robb was not liable and had "0%" responsibility for Holt's injury, but that the detective and the City of Chicago were liable and were collectively "100%" responsible for Holt's injury. The jury also awarded Holt money damages. The trial judge then considered the City of Chicago defendants' pending motion for a directed verdict and granted the motion. Robb did not join in the City of Chicago defendants' motion and the trial judge did not enter a judgment order regarding Robb.

¶ 5　　Generally, we have jurisdiction to hear appeals from final orders that dispose of every claim, which means, any right, liability or matter that has been raised in an action. *AT & T v. Lyons & Pinner Electric Co., Inc.*, 2014 IL App (2d) 130577, ¶ 19, 8 N.E.3d 462 (quotations omitted); *Armstead v. National Freight, Inc.*, 2021 IL 126730, ¶ 20, -- N.E.3d -- (appellate court does not have jurisdiction to review judgments, orders or decrees which are not final, except as provided by supreme court rule). There are exceptions to this general rule, but none have been argued here.

¶ 6　　The default order that was entered against Robb for failure to appear is not a default judgment. A default *judgment* consists of not only "a finding of the issues for the plaintiff," but also "an assessment of damages." *Wilson v. TelOptic Cable Construction Co.*, 314 Ill. App. 3d 107, 111, 731 N.E.2d 899, 903 (2000). "The entry of a default [order] does not constitute a judgment; rather, it is an order precluding the defaulting party from making any further defenses regarding liability. It is simply 'an interlocutory order that in itself determines no rights or remedies.' 46 Am. Jur. 2d *Judgments* § 266 (1994)." *Wilson*, 314 Ill. App. 3d at 111, 731 N.E.2d at 903; *In re Haley D.*, 2011 IL 110886 ¶ 64, 959 N.E.2d 1108 ("A default order is not the same

as a default judgment. A default order precedes a default judgment, and additional steps must normally be taken before judgment is actually entered. *** [A] mere finding of default [is] not final."). In fact, Holt's motion to default Robb expressly sought a subsequent prove-up hearing of his damages, and no such hearing was ever scheduled. Thus, the default order against Robb is not a final and appealable judgment. *Stotlar Drug Co. v. Marlow*, 239 Ill. App. 3d 726, 728, 607 N.E.2d 346, 348 (1993) ("Since the order of default in this case resolved only the question of liability and continued the case for proof on the issue of damages, it was a nonfinal order."). See also *Pinkerton Security and Investigation Services v. Illinois Dep't of Human Rights*, 309 Ill. App. 3d 48, 58, 722 N.E.2d 1148, 1155 (1999) (stating in the context of an administrative proceeding in which an employer was found in default because it did not attend the agency's fact-finding conference, "[w]ithout a hearing on damages, the legal rights of the parties have not been affected or fixed," "no 'final order' was entered and we lack jurisdiction to hear this case").

¶ 7      Similarly, the jury's verdict and finding of "0%" liability in favor of Robb is not a final judgment, because the trial judge did not subsequently enter judgment on that verdict. *Smith v. Smith*, 240 Ill. App. 3d 776, 778, 608 N.E.2d 248, 250 (1992) ("It is well established law that a jury verdict *** is not a judgment and that a reviewing court has no jurisdiction to consider an appeal from a nonexistent judgment. [Citation.] Even where the finding in favor of one party provides for a sum as damages and costs, the finding is not final and appealable unless such finding was entered as a judgment against the opposing party."); *Heavey v. Ehret*, 166 Ill. App. 3d 347, 349, 519 N.E.2d 996, 998 (1988) (collecting cases). Holt has even acknowledged that the trial judge did not enter judgment on the jury's "0%" finding against Robb. In his response in opposition to the motion to dismiss this appeal for lack of jurisdiction, Holt wrote:

"On February 21, 2020, the jury granted Plaintiff relief and resolved the entire case. At Plaintiff[']s request, they assessed [Robb] $0.00 in damages. (C 1747 V2). A judgment was about to be entered and should have been entered, but for the Defendants and trial judge failure to follow the rules. This is an issue on appeal."

¶ 8      Despite this admission, Holt relied on *Scott v. Dreis & Krump Manufacturing Co.*, 26 Ill. App. 3d 971, 983-84, 326 N.E.2d 74, 82 (1975), specifically the portion set out below in boldface font, for the proposition that we do have jurisdiction and should not dismiss the appeal:

"The rule that the court's minutes are not part of the record is supported in reason as well. Unlike a written judgment order, the court's minutes are not found in the file of the case, nor are they readily available to the public at a centralized location. The Law Record, on the other hand, is conveniently located for the benefit of the litigants and interested parties, and it is the document relied upon by the Clerk's Office in making up the record on appeal. Accordingly, under Supreme Court Rule 272, **we hold that when the trial judge does not require the submission of a written judgment order, a judgment is entered of record when it is recorded in the Law Record book. Generally this entry will be made on either the same or following day of the oral pronouncement of judgment and its entry into the minute book. In any event, the judgment is of record only at the time of the actual entry in the Law Record book**. We therefore deny plaintiff's motion to dismiss the appeal."

The case has no apparent application to these proceedings, because there is no indication that the trial judge (1) recorded a judgment in a "Law Record book," (2) did "not require the submission of a written judgment order" or (3) made an "oral pronouncement of judgment" that resolved

Holt's claim against Robb. *Scott*, 26 Ill. App. 3d at 983-84, 326 N.E.2d at 82. Holt cited additional authority, but it did not concern our jurisdiction and instead went to the heart of his appeal, which is not properly addressed at this time.

¶ 9    Supreme Court Rule 304(a) (Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016)) is one of the exceptions to the general rule that our jurisdiction is limited to appeals from final orders that dispose of every claim that has been raised in an action. That rule provides that in an action involving multiple parties or multiple claims for relief, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims, but only if the trial court has made a special finding that there is no just reason for delaying enforcement or appeal. Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). The order in which the circuit court granted the motion for a directed verdict as to the City of Chicago defendants was a final judgment as to those parties (but not Ross), and the addition of Rule 304(a) language to that order would authorize an interlocutory appeal. Therefore, if Holt wishes to proceed with an appeal regarding the City of Chicago defendants, he should return to the trial court to obtain either (1) a Rule 304(a) finding with respect to the order granting the motion for a directed verdict or (2) an order which resolves his claim against Robb and any other pending claims in this suit. If he obtains the first type of order, he will be immediately poised to take an interlocutory appeal pursuant to Rule 304(a). Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). The City of Chicago even conceded this in paragraph 5 of their motion to dismiss for lack of jurisdiction. If he obtains the second type of order, he will be immediately poised to take an appeal from a final judgment order pursuant to Rules 301 and 303. Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); Rule 303 (eff. July 1, 2017).

¶ 10    Holt does not need to wait for this court to remand the case to the trial court. "It is well settled that the filing of a notice of appeal prematurely from an order or judgment which is not yet a final and appealable order neither deprives the trial court of jurisdiction to proceed with the case nor vests the appellate court with jurisdiction to consider it." *Noland v. Steiner*, 213 Ill. App. 3d 611, 616, 572 N.E.2d 1166, 1169 (1991).

¶ 11    If Holt wishes to appeal, he will then need to file a new notice of appeal that vests this court with jurisdiction pursuant to the supreme court rules. *Noland*, 213 Ill. App. 3d at 616, 572 N.E.2d at 1169 ("even if those claims had been subsequently resolved in the trial court, plaintiff could not invoke this court's jurisdiction in reliance on his premature notice of appeal from an order which at the time was not appealable").

¶ 12    Accordingly, since a final and appealable order has not been presented for disposition by this court, Holt's appeal must be dismissed.

¶ 13    Appeal dismissed.