2022 IL App (1st) 201089-U

THIRD DIVISION
June 15, 2022

No. 1-20-1089

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| SJJV, LLC, | ) | |
| | ) | |
|      Plaintiff-Appellant, | ) | Appeal from the |
| | ) | Circuit Court of |
|   v. | ) | Cook County |
| | ) | |
| APA REALTY, INC., ANGELA HOWARD, JOHN H. | ) | 16 L 1623 |
| HOWARD, and TRIPLE J SERVICES, INC., | ) | |
| | ) | Hon. Brigid M. McGrath, |
|      Defendants, | ) | Michael F. Otto, |
| | ) | Judges Presiding |
| (APA Realty, Inc. and Angela Howard, | ) | |
| Defendants-Appellees). | ) | |

_____

JUSTICE ELLIS delivered the judgment of the court.
Justices McBride and Burke concurred in the judgment.

**ORDER**

¶ 1    *Held*: Appeal dismissed for lack of jurisdiction. Orders on appeal were not final and appealable judgments, as a single count remained pending in circuit court. Nor does Supreme Court Rule 304(a) confer jurisdiction, as orders did not contain requisite language to invoke rule.

¶ 2    Plaintiff SJJV, LLC sued various defendants for allegedly shoddy renovation work conducted on its properties. The multi-complaint sounded in contract and tort. Defendants Angela and John Howard are brother and sister; the other defendants are the companies they owned, APA

Realty, Inc. (Angela's company) and Triple J Services (John's). For our purposes, no other factual detail is necessary.

¶ 3　　More relevant here is the procedural history. In a nutshell, the trial court disposed of four of the six counts by summary judgment or dismissal—counts 1, 3, 5, and 6—all against SJJV and in favor of Angela and APA Realty.

¶ 4　　Two counts remained pending. One was count 2, also directed at Angela and APA Realty, a claim for conversion. The other was count 4, the sole count directed against John and Triple J Services.

¶ 5　　After the dispositive rulings in favor of Angela and APA Realty on counts 1, 3, 5, and 6, SJJV moved to voluntarily dismiss count 2 for the purposes of disposing of the litigation in the trial court. SJJV was obviously under the belief that count 4 was no longer pending, and thus the voluntary dismissal of count 2 would put an end to the litigation in the trial court.

¶ 6　　That was incorrect, of course. We cannot say for sure how this happened, but the record does indicate, however vaguely, that the corporate defendant named in count 4, Triple J Services, had filed for bankruptcy, and its attorney had withdrawn from the case. It thus appears that count 4, for all intents and purposes, had all but fallen out of the case from the perspective of the parties.

¶ 7　　In any event, the circuit court granted SJJV's motion to voluntarily dismiss count 2, including in its order the following language: "As all other counts were previously disposed of, this order will dispose of the case in its entirety and is a final order."

¶ 8　　Following the entry of that order, SJJV appealed the court's judgments of dismissal or summary judgment as to counts 1, 5, and 6. The matter was fully briefed before this court, with neither side raising any question of appellate jurisdiction.

¶ 9      But of course, this court has a duty to independently consider its own jurisdiction. *Johansson v. Glink*, 2021 IL App (1st) 210297, ¶ 35. In the course of our review, we noted that the record showed no indication of what became of count 4, the sole count directed at John and Triple J Services. As far as we could tell, count 4 remained pending in the circuit court.

¶ 10     We directed our inquiry to the parties, asking for their understanding of whether count 4 was ever the subject of a final judgment and, if not, whether that impacted our appellate jurisdiction. The parties both acknowledged that count 4 had never been the subject of a final judgment. To Angela and APA, that meant that we lacked jurisdiction over this appeal. SJJV argued, on the other hand, that we had jurisdiction under either Supreme Court Rule 301 (eff. Feb. 1, 1994) or Supreme Court Rule 304(a) (eff. Mar. 8, 2016).

¶ 11     As we explain below, we agree with defendants Angela and APA Realty that we lack jurisdiction over this appeal.

¶ 12     Rule 301 allows appeals from final judgments as a matter of right. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). A judgment is "final" if it disposes of the rights of the parties, either on the entire case or some definite, separate part of the action. *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502 (1997); *Fabian v. BGC Holdings, LP*, 2014 IL App (1st) 141576, ¶ 12.

¶ 13     But finality and appealability are two different things. If a judgment disposes of all claims as to some of the parties but not all the parties, the judgment is "final" but not automatically appealable. The judgment can only become immediately appealable if the court finds that there is no just reason to delay appeal from that order under Supreme Court Rule 304(a) (eff. Mar. 8, 2016). See *Dubina*, 178 Ill. 2d at 502 ("[w]ithout a Rule 304(a) finding, a final order disposing of fewer than all of the claims in an action is not instantly appealable.").

¶ 14    We find this appeal in this very posture. It is conceded by the parties that count 4 was never the subject of a final judgment below. So the judgments of dismissal or summary judgment on appeal before us, though final, are not automatically appealable. Rather, they are appealable only if the court entered Rule 304(a) findings as to those judgments. See *id.*; *Holt v. City of Chicago*, 2022 IL App (1st) 200950-U, ¶¶ 5, 6 (finding we lacked jurisdiction over appeal, as one count remained pending in circuit court, and no Rule 304(a) findings were made).

¶ 15    SJJV argues first that there was no need for Rule 304(a) findings, that jurisdiction under Rule 301 is proper in the first instance. It points to the language in the order dismissing count 2, quoted above and repeated here, where the court wrote that: "As all other counts were previously disposed of, this order will dispose of the case in its entirety and is a final order."

¶ 16    But how a circuit court order characterizes its judgment is not controlling. For example, a court order declaring a judgment to be "final" does not make it so; we must determine whether that characterization is correct before determining the existence of appellate jurisdiction. See *Cole v. Hoogendoorn, Talbot, Davids, Godfrey & Milligan*, 325 Ill. App. 3d 1152, 1156 (2001) (an "order is not a final order just because the trial court says that it is"); *Curtis v. Lofy*, 394 Ill. App. 3d 170, 185 (2009). Likewise, here, though the court obviously believed that all other counts had been the subject of final judgments, that clearly was not so. The court order stating otherwise cannot erase the fact that count 4 remained pending. So while the judgments before us on appeal were final judgments, they were not appealable judgments.

¶ 17    As noted, however, those final judgments *would* be appealable if the court made Rule 304(a) findings that there was no just reason to delay the appeal of those judgments. See *Dubina*, 178 Ill. 2d at 502. That brings us to SJJV's alternative argument, where it once again points to the

language in the order dismissing count 2: "As all other counts were previously disposed of, this order will dispose of the case in its entirety and is a final order."

¶ 18    SJJV claims that this language qualified as a Rule 304(a) finding supporting appellate jurisdiction here. It cites *Application of Du Page County Collector*, 152 Ill. 2d 545 (1992) for the proposition that a litigant need not track verbatim the language of Rule 304(a) to invoke it for jurisdictional purposes. That is no doubt true, but our supreme court made clear that a reference to "appealability" must be included somewhere within that language. See *id.* at 551 ("we hold that where appeal is sought pursuant to Rule 304(a) from a judgment which defeats a claim or is in the nature of a dismissal, the written finding is sufficient only if it refers to appealability."); see also *Lee v. Berkshire Nursing & Rehab Center, LLC*, 2018 IL App (1st) 171344, ¶ 4.

¶ 19    Nothing in the order's language cited by SJJV comes anywhere close to referencing an appeal, much less an appeal of the specific judgment orders SJJV has attempted to appeal. We have no jurisdiction under Rule 304(a), either.

¶ 20    As the judgment orders under review were final but not appealable judgments, and the trial court did not make Rule 304(a) findings with respect to those specific judgment orders, this appeal was filed prematurely. As we did recently in *Holt*, 2022 IL App (1st) 200950-U, ¶ 12, we have no choice here but to dismiss this appeal for lack of appellate jurisdiction.

¶ 21    We recognize that this appeal has been fully briefed, and the court had set a date for oral argument. This will obviously set back the appellate process. But there is no reason why all the parties' work need be for naught. We offer the following observations, as we did in *Holt*. See *id.* ¶¶ 9-11.

¶ 22    Should SJJV wish to proceed with an appeal, it must obtain either 1) a Rule 304(a) finding from the circuit court as to the specific judgment orders it wishes to appeal, thus allowing

an interlocutory appeal under Rule 304(a), or (2) a final judgment order disposing of Count 4 against John and Triple J, thereby permitting an appeal under Rule 301. *Id.* ¶ 9.

¶ 23 And SJJV may take these steps immediately; it need not wait for our mandate to issue. As we noted in *Holt*, because this appeal is premature, and thus we have no jurisdiction, it follows that the circuit court has *retained* jurisdiction all along. See *id.* ¶ 10 (" 'It is well settled that the filing of a notice of appeal prematurely from an order or judgment which is not yet a final and appealable order neither deprives the trial court of jurisdiction to proceed with the case nor vests the appellate court with jurisdiction to consider it.' " (quoting *Noland v. Steiner*, 213 Ill. App. 3d 611, 616 (1991)).

¶ 24 Should SJJV file a new notice of appeal after doing so, which of course would bring the case before this court under a new docket number, this court would consider a motion to adopt the briefs previously filed under this docket number 1-20-1089, along with a motion to adopt the record on appeal previously filed under this docket number.

¶ 25 With that said, this appeal is dismissed.

¶ 26 Appeal dismissed.